IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON BOSTIAN | : | |
| | : | Civil Action |
| VS. | : | |
| | : | |
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK) 60 Massachusetts Ave. Washington, DC 20002 | : : : : : | No. |

**COMPLAINT FOR DECLARATORY RELIEF**

*Introduction*

1. Plaintiff Brandon Bostian (Bostian), brings this action for Declaratory Judgment under *28 U.S.C. §2201*, seeking reimbursement of Civil and Criminal payments made or to be made by Plaintiff.

*Parties*

2. Plaintiff Bostian is a citizen of the State of Georgia.

3. The defendant, National Railroad Passenger Corporation (hereinafter referred to as "AMTRAK"), is a railroad headquartered in the District of Columbia, doing business in the Commonwealth of Pennsylvania, and across the several states. AMTRAK maintains one of its corporate headquarters at 30th Street Station, 30th and Market Streets, Philadelphia, Pennsylvania.

*Jurisdiction and Venue*

4. Jurisdiction is found in *28 U.S.C. §1331* which vests federal district courts with original jurisdiction over civil actions involving a "federal question." A federal question exists in "all civil actions arising under the Constitution, laws, or treaties of the United States." *28*

*U.S.C. §1349* states that "[t]he district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock." The United States is the owner of more than one-half of the capital stock of AMTRAK. This Court also has jurisdiction of this action pursuant to *28 U.S.C. §1332*, diversity of citizenship, the parties being citizens of different states and the amount in controversy being more than $75,000, without interest and costs.

5. The incident giving rise to this action is the crash of AMTRAK train 188 on May 12, 2015, which occurred in Philadelphia Pennsylvania. AMTRAK has a corporate headquarters in Philadelphia Pennsylvania. AMTRAK operates passenger rail service in Pennsylvania and specifically Philadelphia. Legal proceedings related to the crash of train 188 have taken place in Courts located in Philadelphia Pennsylvania. Most if not all, alleged acts and omissions on the part of AMTRAK and/or Bostian that precipitated the claims for indemnification took place in this District. Venue is proper in this District pursuant to *28 USC §1391*.

*Facts*

6. Bostian was an employee of defendant AMTRAK and the locomotive engineer of AMTRAK train 188 on May 12, 2015, when that train was involved in a crash.

7. Following the train crash, multiple personal injury lawsuits were brought against AMTRAK and Bostian. AMTRAK provided counsel to Bostian pursuant to the indemnity clause within its bylaws. Multiple monetary releases were executed in this regard.

8. AMTRAK is governed by corporate bylaws, which at Article IX, 9.01, (e) & (k) deal with employee indemnification. (Copy of bylaws Article IX attached as Exhibit A)

9. The bylaws of AMTRAK prescribe an indemnification policy be promulgated to implement the indemnification clause.

10. AMTRAK adopted its policy on indemnification dated July 25, 2012, a copy of which is attached as Exhibit B.

11. Pursuant to Bostian's request, and pursuant to AMTRAK bylaws and policies, AMTRAK indemnified Bostian in the civil matters, prior to any criminal proceedings, as documented in the Memo dated June 25, 2015. (Copy Memo of indemnification attached as Exhibit C)

12. At the time AMTRAK gave indemnity to Bostian, AMTRAK was fully aware of the facts underlying the crash of train 188.

13. The facts in both the civil and criminal matters are identical.

14. The crash of train 188 was also the subject of ongoing investigations conducted by multiple law enforcement agencies. Ultimately Bostian was required to retain personal counsel.

15. In 2017, Bostian was charged criminally by the Attorney General of Pennsylvania for his conduct, which was alleged to have caused the crash of train 188.

16. The criminal prosecution involved multiple preliminary hearings, appeals and ultimately a trial.

17. The case of *Commonwealth of Pennsylvania v. Bostian*, a criminal trial, was held in Philadelphia County, Pennsylvania, in 2022. Bostian was found not guilty on all charges.

18. Bostian prepaid for his extensive criminal defense.

19. After the verdict in the criminal trial Bostian again requested indemnification. (Copy of letter requesting identification attached as Exhibit D)

20. AMTRAK has not responded to the request of Bostian for indemnification.

21. In January 2017 Bostian commenced an action against AMTRAK in the Court of Common

Pleas of Philadelphia County, Pennsylvania at January Term, 2017, No. 3489, seeking damages for personal injuries.

22. In the action in Philadelphia at January Term, 2017, No. 3489, AMTRAK has filed a Counterclaim seeking damages from Bostian.

23. Bostian seeks a declaration that AMTRAK is required to indemnify Bostian in full, for all liabilities, attorney's fees and/or related costs and expenses he has paid or will pay in connection with the May 12, 2015, crash of AMTRAK train 188 in any and all related proceeding and an award of damages consistent with such declarations.

24. Bostian has incurred more than $400,000 in defending the criminal action brought against him by the Attorney General of Pennsylvania in *Commonwealth of Pennsylvania v. Bostian.*

25. Bostian was found not guilty on all counts in the criminal matter brought against him by the Attorney General in Commonwealth of Pennsylvania v. Bostian.

26. The relevant portions of AMTRAK's indemnification policy at 3.2 (Exhibit B) states:

> As authorized pursuant to section 9.01 of the bylaws, Amtrak's policy with respect to its present and former employees and agents ("employee or agent") is to identify and advance expenses to any such employee or agent acting within the scope of their duties to Amtrak with respect to any liabilities or losses, including expenses, judgments in amounts paid in settlement, incurred by such person or on his or her behalf in any proceeding by reason of the fact that such person was or is an employee or agent, provided that the employee or agent acted in good faith and in a manner the person reasonably believed to be in (or not opposed to) the best interest of Amtrak and, in the case of a criminal proceeding, must not have had reasonable cause to believe that his or her conduct was unlawful.

27. AMTRAK, in connection with the civil litigation regarding the injuries to the passengers of AMTRAK train 188 applied the relevant portion of its indemnification policy, to Bostian's activities and in its Memo of indemnification (Exhibit C) concluded:

> Under article IX, section 9.01 of Amtrak's bylaws, you are entitled to a presumption of a defense unless and until there is a finding that you did not act within the scope of your duties to the corporation, in good faith, and in a manner you reasonably believed to be in (or not opposed to) the best interest of the corporation. In your case, section 9.01 requires that Amtrak's General Counsel make the finding referenced above because you are an employee of Amtrak. I have conferred with the vice president, general counsel and corporate secretary, Eleanor Acheson, and it has been determined that, subject to the terms outlined below, Amtrak will defend you in connection with civil lawsuits filed against you for personal injuries rising from the May 12, 2015, incident, in accordance with Article IX of Amtrak's bylaws.

And further stated:

> Amtrak's decision to defend you is based on a presumption that you acted within the scope of your duties to the corporation, in good faith, and in a manner, you reasonably believed to be in (or not opposed to) the best interest of the corporation. If at any time Amtrak determines that you failed to act in this matter, As set forth in Article IX of Amtrak's bylaws, council assigned to defend you will, as appropriate, withdraw their appearance on your behalf, or will petition the court to withdraw their appearance; it will be your obligation to locate and retain counsel to defend you; and you will be required to repay any attorney's fees advanced or reimbursed by Amtrak.

28. The findings made by AMTRAK in their indemnification Memo, were required by the Bylaws, for the indemnification of Bostian in civil matters.

29. The findings of AMTRAK establish that Bostian:

    a. Acted within the scope of his duties to the corporation,

    b. In good faith, and

    c. In a manner he reasonably believed himself to be in the best interest of the corporation.

30. AMTRAK has never determined that Bostian had failed to act in the manner set forth in its findings.

31. AMTRAK never sought reimbursement of attorney's fees associated with the indemnification.

5

## COUNT I
### (Declaratory Relief)

32. Plaintiff Bostian repeats each averment in the preceding paragraphs as if set forth fully, at length herein.

33. Bostian is entitled to a declaratory judgment that AMTRAK, pursuant to its bylaws, policies and/or Memo of indemnification, must indemnify Bostian for all liabilities, costs, expenses, and fees in defending the civil and criminal proceedings against him.

## COUNT II
### (Reimbursement of expenses in all proceedings)

34. Plaintiff Bostian repeats each averment in the preceding paragraphs as if set forth fully, at length herein.

35. Bostian is entitled to a declaratory judgment that AMTRAK, pursuant to its bylaws, policies, and/or Memo of indemnification, must reimburse Bostian all liabilities, costs, expenses, and fees in defending the civil and criminal proceedings against him.

## COUNT III
### (Reimbursement of future expenses)

36. Plaintiff Bostian repeats each averment in the preceding paragraphs as if set forth fully, at length herein.

37. Bostian has expenses that will be incurred related to the defense of Amtrak's current civil Counterclaim against him in Philadelphia at January Term, 2017, No. 3489.

38. Bostian is entitled to a declaratory judgment that AMTRAK, pursuant to its bylaws, policies and/or Memo of indemnification, must reimburse Bostian all future liabilities, costs, expenses, and fees in defending the civil proceedings against him.

**WHEREFORE**, Plaintiff Brandon Bostian prays for a declaration that on May 12, 2015, Brandon Bostian was acting as the locomotive engineer for Amtrak on train 188 and for a judgment

that:

    a. Bostian is entitled to indemnification by AMTRAK with respect to liabilities or losses, including expenses, judgments and amounts paid and/or incurred by Bostian or on his behalf in all past civil, criminal, or agency proceedings.

    b. Bostian is entitled to indemnification by AMTRAK with respect to liabilities or losses, including expenses, judgments and amounts paid and/or incurred by Bostian or on his behalf in all current and future civil, criminal, or agency proceedings:

    c. Bostian is entitled to an award for attorney's fees and cost incurred in this action.

    d. Bostian is entitled to such other relief as this Court deems just and equitable.

                                      Respectfully submitted,

                                      */s/ Robert S. Goggin, III*
                                      Robert S. Goggin, III
                                      PA Bar ID: 61779
                                      Keller & Goggin, P.C.
                                      1420 Walnut Street
                                      Suite 1108
                                      Philadelphia, PA 19102
                                      (O): 215-735-8780
                                      (F): 215-735-5126
                                      rgoggin@keller-goggin.com