| SUBJECT | CLASSIFICATION | DATE APPROVED | P/I NUMBER |
|---|---|---|---|
| Indemnification | Law | July 25, 2012 | 9.3.2 |

1.0  **RESPONSIBILITY**

   General Counsel and Corporate Secretary

2.0  **PURPOSE**

   The purpose of this Policy is to implement Section 9.01 of Amtrak's Bylaws by establishing the process for indemnifying and advancing expenses to qualified persons in connection with certain lawsuits, investigations, hearings or other actions or proceedings arising out of their Amtrak status and duties. This policy applies to all current and former directors, officers, employees and agents of Amtrak and its subsidiaries and affiliates in accordance with Section 9.01 of the Bylaws and the terms set forth in this Policy.

3.0  **POLICY**

3.1   Amtrak's policy, as set forth in Section 9.01 of its Bylaws and to the fullest extent permitted by law, is to indemnify and advance expenses to all present and former directors and officers of Amtrak acting within the scope of their duties to Amtrak with respect to any liabilities or losses, including expenses, judgments and amounts paid in settlement, incurred by them or on their behalf in any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative, arbitrative or investigation, and whether formal or informal (including an investigation by an Office of Inspector General, Congressional Committee or any other criminal investigative or law enforcement authority) (a "Proceeding"), provided that an audit or evaluation by Amtrak's Office of Inspector General and an internal, non-criminal administrative investigation or inquiry conducted by Amtrak, its Office of Inspector General or the U.S. Department of Transportation's Office of Inspector General shall not constitute a Proceeding for purposes of Section 9.01 of the Bylaws or this Policy.

3.2   As authorized pursuant to Section 9.01 of the Bylaws, Amtrak's policy with respect to its present and former employees and agents ("employee or agent") is to indemnify and advance expenses to any such employee or agent acting within the scope of their duties to Amtrak with respect to any liabilities or losses, including expenses, judgments and amounts paid in settlement, incurred by such person or on his or her behalf in any Proceeding by reason of the fact that such person was or is an employee or agent, provided that the employee or agent acted in good faith and in a manner the person reasonably believed to be in (or not opposed to) the best interests of Amtrak and, in the case of a criminal proceeding, must not have had reasonable cause to believe that his or her conduct was unlawful. In addition, an agent must have been designated by the President or General Counsel as an agent entitled to indemnification and/or advancement of expenses by Amtrak. Where applicable law requires greater benefits than outlined in this Policy, Amtrak will comply with the legal requirements.

| APPROVED | REVISION NO. | SUPERSEDES | PAGE |
|---|---|---|---|
| Board of Directors | 1 | 9.3.1 | 1 of 4 |

| SUBJECT | CLASSIFICATION | DATE APPROVED | P/I NUMBER |
|---|---|---|---|
| Indemnification | Law | July 25, 2012 | 9.3.2 |

4.0   PROCEDURES

4.1   Director and Officer Requests

4.1.1   Any director or officer who (a) desires to request indemnification and/or advancement of expenses from Amtrak or (b) becomes aware of the commencement, initiation or pendency of any Proceeding (including by such person's receipt of any complaint, charge, indictment, request, summons or subpoena) for which such person will or is reasonably likely to seek indemnification and/or advancement of expenses shall promptly submit such request or notice, as the case may be, in writing to the General Counsel and Corporate Secretary ("General Counsel").

4.1.2   Upon Amtrak's receipt from an officer or director of a request for advancement of expenses or indemnification or a notice of a Proceeding, the General Counsel shall promptly notify the Board of Directors thereof. Any determination required to be made by the Board of Directors in connection with any such request shall be made in accordance with Section 9.01 of the Bylaws and applicable law.

4.1.3   Any such notice or request shall include copies of all related complaints, pleadings, subpoenas and similar documents within the possession of the person providing such notice or request.

4.1.4   An inadvertent failure by a director or officer to follow the procedures for advancement of expenses or indemnification outlined in this Policy shall not diminish the rights of such director or officer to advancement of expenses or indemnification as provided in Section 9.01 of the Bylaws.

4.2   Employee and Agent Requests

4.2.1   Any employee or agent who (a) desires to request indemnification and/or advancement of expenses from Amtrak or (b) becomes aware of the commencement, initiation or pendency of any Proceeding (including by such person's receipt of any complaint, charge, indictment, request, summons or subpoena) for which such person will or is reasonably likely to seek indemnification and/or advancement of expenses shall promptly submit such request or notice, as the case may be, in writing to Law Department personnel as follows:

   a.   if related to accidents or employee, passenger or third party injuries, to the Managing Deputy General Counsel for Tort Litigation;

   b.   if related to labor and employment issues, to the Managing Deputy General Counsel for Litigation, Labor and Employment; and

   c.   all other requests and notices to the General Counsel.

| APPROVED | REVISION NO. | SUPERSEDES | PAGE |
|---|---|---|---|
| Board of Directors | 1 | 9.3.1 | 2 of 4 |

| SUBJECT | CLASSIFICATION | DATE APPROVED | P/I NUMBER |
|---|---|---|---|
| Indemnification | Law | July 25, 2012 | 9.3.2 |

4.2.2   Any such notice or request shall include copies of all related complaints, pleadings, subpoenas and similar documents within the possession of the person providing such notice or request.

4.2.3   Upon receipt of a written request from any employee or agent for advancement of expenses and/or indemnification, the General Counsel or her designee shall review the facts and circumstances and conduct appropriate due diligence relating to such request. If the General Counsel or her designee determines, based on such review, that such person has met the standard of conduct set forth in Section 3.2 of this Policy and such advancement of expenses and/or indemnification is appropriate, Amtrak shall advance expenses or indemnify such person, as the case may be, on such terms and conditions as Amtrak may establish. The General Counsel shall communicate to the requesting person in writing Amtrak's decision to grant or deny the request for advancement of expenses or indemnification, as the case may be, as soon as possible and in any event not later than two weeks after Amtrak's receipt of such request, except in extraordinary circumstances.

4.2.4   If an employee or agent disputes a determination denying advancement of expenses and/or indemnification, he or she may seek review by the President and CEO of Amtrak. Any request for review shall be submitted in writing to the General Counsel who will forward such request to the President and CEO's office. The President and CEO shall issue a decision not later than two weeks after the receipt of such written request for review, except in extraordinary circumstances.

4.2.5   Based upon subsequent events or after learning of new information (regardless of whether such information was available at the time of the previous determination), Amtrak may withdraw or modify any previous determination concerning advancement of expenses and/or indemnification with respect to an employee or agent and will advise such employee or agent involved of this determination in writing. Such a determination is also subject to review by the President and CEO at the written request of the employee or agent involved.

4.2.6   Cooperation: In addition to any other terms, conditions or limitations that may be imposed by Amtrak, by accepting indemnification and/or advancement of expenses, an employee or agent agrees: (a) to cooperate, subject to conflict of interest considerations, with Amtrak and its attorneys; (b) to use Amtrak's attorneys in cases where Amtrak is also a party and there is no conflict of interest; (c) that Amtrak shall have the authority and discretion, after consultation with the individual, to enter into a settlement on the individual's behalf; and (d) to execute a written affirmation of such person's good faith belief that he or she has met the standard of conduct set forth in Section 3.2 of this Policy and a written undertaking to repay any expenses advanced or reimbursed by Amtrak if it is ultimately determined that such person has not met such standard of conduct or is otherwise not entitled to indemnification.

4.3   Insurance and Subrogation

4.3.1   In addition to any rights to indemnification or advancement of expenses set forth in Section 9.01 of the Bylaws or this Policy, a director, officer, employee or agent may also

| APPROVED | REVISION NO. | SUPERSEDES | PAGE |
|---|---|---|---|
| Board of Directors | 1 | 9.3.1 | 3 of 4 |

| SUBJECT | CLASSIFICATION | DATE APPROVED | P/I NUMBER |
|---|---|---|---|
| Indemnification | Law | July 25, 2012 | 9.3.2 |

have coverage under Amtrak's Directors and Officers Insurance policies. All questions concerning the availability and applicability of such coverage should be directed to the Senior Director, Risk Management.

4.3.2 If Amtrak indemnifies any person pursuant to this Policy, then Amtrak shall be subrogated to the extent of such payment to any right of recovery that such person may have, and that such person, as a condition of receiving indemnification from Amtrak, shall execute all documents and do all things that Amtrak may deem necessary or desirable to perfect such right of recovery (including, without limitation, the execution of such documents necessary to enable Amtrak effectively to enforce any such recovery).

5.0 **AMENDMENTS**

This Policy may be amended by a vote of a majority of the Directors then in office at a meeting at which a quorum is present.

| APPROVED | REVISION NO. | SUPERSEDES | PAGE |
|---|---|---|---|
| Board of Directors | 1 | 9.3.1 | 4 of 4 |

## ARTICLE IX

### Indemnification and Insurance

Section 9.01.  Indemnification.

(a) General: The Corporation shall indemnify and hold harmless its present and former Directors and Officers to the fullest extent permitted by law, subject to the provisions of this Section 9.01.

(b) Who may be indemnified: "Indemnitee" means any person who was, is, or is threatened to be made a defendant or respondent to any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative, arbitrative or investigative and whether formal or informal (collectively, a "Proceeding"), because he or she is or was: (1) a Director or Officer; or (2) while a Director or Officer, serving at the written request of the Corporation as a director, officer, manager, partner, trustee, employee or agent of another entity or employee benefit plan. An audit or evaluation by the Corporation's Office of Inspector General is not a Proceeding within the meaning of this Section 9.01. A person who is a witness or a subject of an internal, non-criminal, administrative investigation or inquiry conducted by the Corporation or its Office of Inspector General or the U.S. Department of Transportation's Office of Inspector General shall not be entitled to indemnification or advancement of expenses under this Section 9.01 with respect to such investigation or inquiry.

(c) Standard of conduct: To be eligible for indemnification, the Indemnitee shall have acted (i) in the case of conduct in an official capacity, in good faith and in a manner he or she reasonably believed to be in the best interests of the Corporation; and (ii) in the case of conduct outside of official capacity, in good faith and in a manner he or

24

she reasonably believed to be not opposed to the best interests of the Corporation. In addition, in the case of criminal proceedings, the Indemnitee must not have had reasonable cause to believe that his or her conduct was unlawful. The termination of any Proceeding by judgment, order, settlement, or conviction, or upon a plea of nolo contendere or its equivalent, shall not by itself be determinative or create a presumption that the Indemnitee did not meet the standard of conduct set forth in this Section 9.01(c).

(d) <u>Liabilities for which the Corporation will indemnify</u>: Subject to the requirement of Section 9.01(c) and the other terms and conditions of this Section 9.01, the Corporation shall indemnify an Indemnitee for the following:

1. Expenses (including attorneys' fees), liabilities and other losses suffered such as judgments, decrees, fines, and penalties incurred by the Indemnitee in connection with a Proceeding, except that if the Proceeding was commenced by the Indemnitee, the Corporation shall be required to indemnify and to advance expenses only if the Proceeding was authorized by the Board. Notwithstanding the foregoing, the Corporation shall indemnify an Indemnitee for any expenses incurred in bringing a Proceeding against the Corporation to enforce such Indemnitee's rights to indemnification or advancement under this Section 9.01 provided such Proceeding is resolved (by judgment or order of a court, or by settlement with the Corporation) in favor of the Indemnitee.

25

2. Amounts to be paid in settlement of Proceedings, if approved in writing by the President or General Counsel in advance of settlement, such approval not to be unreasonably withheld.

3. The Corporation shall not be liable under this Section 9.01 to make any payment in connection with any claim made against an Indemnitee to the extent such Indemnitee has otherwise received payment (under any insurance policy procured under Section 9.02 or otherwise) of the amounts otherwise payable as indemnification or advancement of expenses hereunder for such claim.

4. If the Corporation indemnifies an Indemnitee, then the Corporation shall be subrogated to the extent of such payment to any right of recovery that Indemnitee may have, and that Indemnitee, as a condition of receiving indemnification from the Corporation, shall execute all documents and do all things that the Corporation may deem necessary or desirable to perfect such right of recovery (including, without limitation, the execution of such documents necessary to enable the Corporation effectively to enforce any such recovery).

5. Notwithstanding any provision in this Section 9.01 to the contrary, (A) nothing herein shall preclude any indemnification or advancement of expenses ordered by a court pursuant to Section 29-306.54 of the Act and (B) unless otherwise ordered

26

by a court of competent jurisdiction, the Corporation shall not indemnify an Indemnitee (i) in connection with a Proceeding brought by or in the right of the Corporation, except for expenses incurred in connection with such Proceeding if it is determined that the Indemnitee has met the standard of conduct set forth in Section 9.01(c), or (ii) with respect to conduct for which the Indemnitee was adjudged liable on the basis of receiving a financial benefit to which the Indemnitee was not entitled.

(e) <u>Procedure</u>: The determination whether an Indemnitee is entitled to indemnification shall be made either: (i) if there are two or more "Qualified Directors" (as such term is defined in the Act), by the Board by a majority vote of all the Qualified Directors, a majority of whom shall for such purpose constitute a quorum, or by a majority of the members of a committee of two or more Qualified Directors appointed by such a vote; or (ii) by special legal counsel selected (A) in the manner prescribed in clause (i) or (B) if there are fewer than two Qualified Directors, by the Board, in which selection Directors who are not Qualified Directors may participate; or (iii) by the shareholders, in each case in accordance with the Act.

(f) <u>Advancement of expenses</u>: The Corporation shall advance or reimburse the expenses of an Indemnitee actually and reasonably incurred in connection with a Proceeding before the final disposition of such Proceeding if such Indemnitee delivers to the Corporation (A) a written affirmation of the Indemnitee's good faith belief that the relevant standard of conduct described in Section 9.01(c) has been met and (B) a

written undertaking of the Indemnitee to repay any funds advanced if the Indemnitee is not entitled to mandatory indemnification under Section 29-306.52 of the Act and it is ultimately determined that the Indemnitee has not met the relevant standard of conduct described in Section 9.01(c) or is otherwise ineligible for indemnification under the Act.

(g)  Employees:  The Corporation shall indemnify, hold harmless and advance reasonable expenses to its employees acting within the scope of their duties to the Corporation pursuant to terms and conditions set forth in a policy contemplated by Section 9.01(k).

(h)  Agents:  The Corporation may indemnify and advance expenses to its present and former agents designated by the President or the General Counsel as entitled to indemnification and/or advancement of expenses.  Any such indemnification or advancement of expenses shall be on such terms and conditions as may be established from time to time by the Corporation.

(i)  Non-exclusivity:  The provisions of this Section 9.01 are adopted pursuant to Sections 29-306.50 - 29.306.59 of the Act, and are intended to provide indemnification and advancement rights to the full extent permitted by the Act, subject to the terms of this Bylaw.  The rights this Bylaw confers on any Indemnitee are not exclusive of any other rights which the Indemnitee may have under law, the Articles of Incorporation, agreements, insurance, resolution of the Board or shareholders or otherwise.  If the Indemnitee is entitled to indemnification under this Bylaw because of his or her serving at the request of the Corporation as a director, officer, manager, partner, trustee, employee or agent of another business enterprise, the Corporation's obligation to indemnify as specified in this Bylaw shall be reduced by any amount the

Indemnitee collects as indemnification or advancement of expenses from the other business enterprise.

(j)     Survival:  If any provision of this Section 9.01 is held by a Court to be unenforceable, the remainder of the provisions shall remain in effect, and the Corporation shall indemnify and advance expenses to each Indemnitee to the full extent permitted by any applicable portion of this Section 9.01 that shall not have been held to be unenforceable, or by other applicable law or contract.  The rights conferred in this Section 9.01 shall continue as to a person who has ceased to be a Director or Officer and shall inure to the benefit of the heirs, executors and administrators of such a person.  Any repeal or modification of any provision of this Section 9.01 shall not adversely affect any right or protection hereunder of any person in respect of any act or omission occurring prior to the time of such repeal or modification.

(k)     Implementation:  The President shall promulgate any necessary or appropriate policy to implement this Section 9.01, including any rights to indemnification or advancement of expenses authorized by Section 9.01(g).  The Board shall approve any such implementing policy.