IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON BOSTIAN | : | |
| | : | Civil Action |
| | : | |
| VS. | : | No. 2:23-CV-01975 |
| | : | |
| | : | Honorable John F. Murphy |
| NATIONAL RAILROAD PASSENGER | : | |
| CORPORATION (AMTRAK) | : | Jury Demanded by Defendant |
| | : | |

**<u>DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF</u>**

Defendant, the National Railroad Passenger Corporation ("Amtrak"), by and through its counsel, and for its Answer and Affirmative Defenses to Plaintiff Brandon Bostian's Complaint for Declaratory Relief, states that all allegations in the Complaint not specifically admitted are denied and further states:

*Introduction*

1. The allegations in Paragraph 1 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendant lacks sufficient knowledge or information regarding the allegations of Paragraph 1, and therefore denies those allegations.

*Parties*

2. Defendant lacks sufficient knowledge or information regarding the allegations of Paragraph 2, and therefore denies those allegations.

3. Defendant admits that it is National Railroad Passenger Corporation (Amtrak), operates passenger rail service, and has a principal place of business and headquarters in the District of Columbia. Defendant further admits that it conducts business in the Commonwealth of Pennsylvania, among other states. Defendant admits that it has offices at the 30th Street Station in

1

Philadelphia, but denies that it maintains a "corporate headquarters" there. Defendant denies the remaining allegations in Paragraph 3.

***Jurisdiction and Venue***

4. Defendant admits that the United States is the owner of more than one-half of the capital stock of Amtrak. The remaining allegations in Paragraph 4 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendant admits that this Court has jurisdiction.

5. Defendant admits that Amtrak operates passenger rail service in Philadelphia and Pennsylvania, but denies that Amtrak has a "corporate headquarters" there. The remaining allegations in Paragraph 5 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendant admits that venue is proper.

***Facts***

6. Defendant admits the allegations in Paragraph 6.

7. Defendant admits that several lawsuits were brought against Amtrak and Bostian for personal injuries following the derailment of Amtrak train 188, and that Amtrak provided defense counsel and monetary indemnifications with respect to those civil lawsuits pursuant to Amtrak's Bylaws and the parties' agreement. Defendant denies the remaining allegations in Paragraph 7.

8. The allegations in Paragraph 8 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendant refers to Amtrak's Bylaws for their content. Defendant denies the remaining allegations in Paragraph 8.

9. Defendant refers to Amtrak's Bylaws for their content. Defendant denies the remaining allegations in Paragraph 9.

10. Defendant admits it adopted its Policy on Indemnification dated July 25, 2012. Responding further, Defendant refers to Amtrak's Bylaws and Policy on Indemnification for their content. Defendant denies the remaining allegations in Paragraph 10.

11. Defendant admits that Plaintiff Bostian, through his attorney, Robert Goggin, made a request through email on June 22, 2015 for Amtrak to provide defense and indemnification for civil lawsuits filed against Plaintiff for personal injuries arising from the May 12, 2015 incident. Defendant further admits that Defendant agreed to and did provide full defense and indemnification for all civil lawsuits filed against Plaintiff for personal injuries arising from the May 12, 2015 incident. Further responding, Defendant refers to Amtrak's memorandum dated June 29, 2015 for its content.

12. Defendant denies the allegations in Paragraph 12.

13. The allegations in Paragraph 13 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 13.

14. Defendant admits that the May 12, 2015 incident was the subject of government investigation(s). Defendant lacks sufficient knowledge or information regarding the allegations in the second sentence of Paragraph 14, and therefore denies those allegations. Defendant denies the remaining allegations in Paragraph 14.

15. Defendant lacks sufficient knowledge or information regarding the allegations of Paragraph 15, except that it admits Plaintiff was criminally charged by the Attorney General of Pennsylvania and refers to the Criminal Complaint for its contents and the basis upon which charges were brought against him.

16. Defendant admits the allegations in Paragraph 16.

17. Defendant admits the allegations in Paragraph 17.

18. Defendant lacks sufficient knowledge or information regarding the allegations of Paragraph 18, and therefore denies those allegations.

19. Defendant denies that Plaintiff "again" requested indemnification; Plaintiff did not make any request for defense or indemnification for criminal proceedings related to the May 12, 2015 incident prior to 2022. Defendant denies that the letter attached as Exhibit D to the Complaint was ever sent to or received by Amtrak in 2017. Defendant admits that after the verdict in the criminal trial against Plaintiff in 2022, Plaintiff for the first time informed Defendant that he intended to make a request for indemnification for defense costs and expenses for his criminal trial. Defendant denies the remaining allegations in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant admits the allegations in Paragraph 21.

22. Defendant admits that it filed a counterclaim seeking property damages from Plaintiff resulting from the May 12, 2015 incident in the action in Philadelphia at January Term, 2017, No. 3489.

23. The allegations in Paragraph 23 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendant lacks sufficient knowledge or information regarding the allegations of Paragraph 23, and therefore denies those allegations.

24. Defendant lacks sufficient knowledge or information regarding the allegations of Paragraph 24, and therefore denies those allegations.

25. Defendant admits the allegations in Paragraph 25.

26. Defendant refers to Amtrak's Bylaws and Policy on Indemnification for their content. Defendant denies the remaining allegations in Paragraph 26.

27. Defendant admits Amtrak agreed to and did provide defense and indemnification for all civil lawsuits filed against Plaintiff for personal injuries arising from the May 12, 2015 incident. Defendant refers to Amtrak's Bylaws, Policy on Indemnification, and memorandum dated June 29, 2015 for their content. Defendant denies the remaining allegations in Paragraph 27.

28. The allegations in Paragraph 28 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendant refers to Amtrak's Bylaws, Policy on Indemnification, and memorandum dated June 29, 2015 for their content. Defendant denies the remaining allegations in Paragraph 28.

29. The allegations in Paragraph 29 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 29.

30. The allegations in Paragraph 30 consist of legal conclusions, to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 30.

31. Defendant admits that it never sought reimbursement of attorney's fees associated with the indemnification for civil lawsuits against Plaintiff for personal injuries arising from the May 12, 2015 incident. Defendant denies the remaining allegations in Paragraph 31.

## COUNT I
### (Declaratory Relief)

32. Defendant's answers to the allegations in Paragraphs 1 through 31 above are incorporated as if fully stated herein.

33. Defendant denies the allegations in Paragraph 33.

## COUNT II
**(Reimbursement of expenses in all proceedings)**

34. Defendant's answers to the allegations in Paragraphs 1 through 33 above are incorporated as if fully stated herein.

35. Defendant denies the allegations in Paragraph 35.

## COUNT III
**(Reimbursement of future expenses)**

36. Defendant's answers to the allegations in Paragraphs 1 through 35 above are incorporated as if fully stated herein.

37. Defendant lacks sufficient knowledge or information regarding the allegations of Paragraph 37, and therefore denies those allegations.

38. Defendant denies the allegations in Paragraph 38.

Defendant denies that Plaintiff is entitled to any relief, including the relief set forth in the unnumbered WHEREFORE Paragraph.

**WHEREFORE**, National Railroad Passenger Corporation ("Amtrak"), respectfully prays for judgment in its favor and against Plaintiff, and prays for its costs, fees and such further relief as this Court deems just and equitable.

**AFFIRMATIVE DEFENSES**

Defendant Amtrak asserts the following affirmative defenses, reserving the right to supplement or amend these defenses as discovery proceeds.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims fail, in whole or in part, to state a claim upon which relief can be granted. In support of its First Affirmative Defense, Defendant states that according to Amtrak's Bylaws and Policy on Indemnification Section 4.2:

> 4.2.1 Any employee or agent who (a) desires to request indemnification and/or advancement of expenses from Amtrak or (b) becomes aware of the commencement, initiation or pendency of any Proceeding (including by such person's receipt of any complaint, charge, indictment, request, summons or subpoena) for which such person will or is reasonably likely to seek indemnification and/or advancement of expenses **shall promptly submit** such request or notice, as the case may be, in writing to Law Department personnel[.]
> . . .
> 4.2.2 Any such notice or request shall include copies of all related complaints, pleadings, subpoenas and similar documents within the possession of the person providing such notice or request.
> . . .
> 4.2.6 Cooperation: In addition to any other terms, conditions or limitations that may be imposed by Amtrak, by accepting indemnification and/or advancement of expenses, an employee or agent agrees: (a) to cooperate, subject to conflict of interest considerations, with Amtrak and its attorneys; (b) to use Amtrak's attorneys in cases where Amtrak is also a party and there is no conflict of interest; (c) that Amtrak shall have the authority and discretion, after consultation with the individual, to enter into a settlement on the individual's behalf; and (d) to execute a written affirmation of such person's good faith belief that he or she has met the standard of conduct set forth in Section 3.2 of this Policy and a written undertaking to repay any expenses advanced or reimbursed by Amtrak if it is ultimately determined that such person has not met such standard of conduct or is otherwise not entitled to indemnification.

(*See* Exhibit B attached to the Complaint (emphasis added).)

As Plaintiff admits in the Complaint (¶ 19), Plaintiff did not make any written request or notice to Defendant regarding indemnification for his **criminal defense** related to the May 12, 2015 incident until after the verdict of his criminal trial in 2022—approximately five years after

he was charged—and he did not attach any related documents to his belated request or notice. Plaintiff's request or notice is therefore untimely and Plaintiff is not entitled to indemnification for any criminal proceedings related to the May 12, 2015 incident.

In addition, the Complaint does not allege any request or notice—and no such request or notice exists—by Plaintiff to Defendant pursuant to Amtrak's Bylaws and Policy on Indemnification for indemnification for other proceedings, including (1) agency investigations; and (2) civil proceedings other than those filed against Plaintiff for personal injuries arising from the May 12, 2015 incident (such as Amtrak's counterclaim for property damages against Plaintiff in the action in Philadelphia at January Term, 2017, No. 3489). Plaintiff is therefore not entitled to indemnification for any other proceedings requested in the Complaint.

Furthermore, had Plaintiff properly and timely made the required request or notice—which he failed to do—Defendant would have had rights it could have exercised under Section 4.2.6 of Amtrak's Policy on Indemnification. Plaintiff's failure to do so has irreparably prejudiced Defendant's rights under Amtrak's Bylaws and Policy on Indemnification.

Defendant's First Affirmative Defense does not waive any argument that even if Plaintiff properly and timely made the required request or notice—which he did not—Plaintiff is not entitled to any further indemnification for proceedings related to the May 12, 2015 incident or any other proceedings under Amtrak's Bylaws and Policy on Indemnification for other reasons.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of limitations, the doctrine of waiver, the doctrine of laches, and/or the doctrine of estoppel. In support of Defendant's Second Affirmative Defense, Defendant incorporates by reference statements in its First Affirmative Defense.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because he failed to take reasonable steps to mitigate his damages. In support of its Third Affirmative Defense, Defendant incorporates by reference statements in its First Affirmative Defense.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, or release. In support of its Fourth Affirmative Defense, and as admitted by Plaintiff in the Complaint (¶¶ 7 & 11), Defendant states that pursuant to Amtrak's Bylaws and Policy on Indemnification, and Plaintiff's request for defense and indemnification for civil lawsuits filed against him for personal injuries arising from the May 12, 2015 incident, Defendant agreed to and did provide full defense and indemnification for those civil lawsuits. Defendant does not have any further indemnification obligations regarding those civil lawsuits.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part because his claims are preempted by the Railway Labor Act (RLA) of 1926, 44 Stat. 577, as amended, 45 U.S.C. § 151 *et seq.*, which sets forth mandatory mediation and arbitration procedures.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part due to his failure to exhaust the statutory remedies available to him under the Railway Labor Act of 1926 (RLA), 44 Stat. 577, as amended, 45 U.S.C. § 151 *et seq.*, and the applicable statute of limitations under the RLA has run.

\*   \*   \*

**WHEREFORE**, based on the answers, denials, and defenses stated herein, Defendant Amtrak respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of Amtrak; award Amtrak costs expended in defending this litigation, including, but not limited to, court costs and attorneys' fees; and grant such other and further relief as the Court may deem just and proper.

Dated: July 17, 2023

Respectfully submitted,

NATIONAL RAILROAD PASSENGER CORPORATION

By: */s/ Lindsay C. Harrison*
    One of Its Attorneys

**Lindsay C. Harrison (*pro hac vice application pending*)**
Jenner & Block LLP
1099 New York Avenue, NW, Suite 900
Washington, DC  20001-4412
(202)-639-6865
lharrison@jenner.com

**Huiyi Chen (*pro hac vice application pending*)**
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312)-840-7389
hchen@jenner.com

**RICHARD K. HOHN, ESQUIRE**
RHOHN@DVERDICT.COM
Identification No.: 32528
**STEPHEN S. DOUGHERTY, ESQUIRE**
SDOUGHERTY@DVERDICT.COM
Identification No.: 312027
HOHN & SCHEÜERLE, LLC
Suite 3242
1700 Market Street
Philadelphia, PA 19103
215-496-9995
215-496-9997 (Fax)

## **CERTIFICATE OF SERVICE**

I, Stephen S. Dougherty, Esquire, hereby certify that on July 17, 2023, I electronically filed the forgoing DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF via the Court's CM/ECF system, which will deliver electronic notice of filing to all counsel of record.

>Robert S. Goggin, III, Esquire
>KELLER & GOGGIN, P.C.
>1420 Walnut Street
>Suite 1108
>Philadelphia, PA 19102
>*Counsel for Plaintiff*

By: */s/ Stephen S. Dougherty*
STEPHEN S. DOUGHERTY