# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| BRANDON BOSTIAN, | Case No. 2:23-CV-01975 |
| v. | Honorable John F. Murphy |
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK). | |

## JOINT RULE 26(f) REPORT

Pursuant to Rule 26(f) and Judge Murphy's policies and procedures, the parties have thoroughly discussed a discovery plan and provide the following report:

### I.      Counsel

A.     Lead counsel for plaintiff(s):          **Robert S. Goggin**

B.     Lead counsel for defendant(s):        **Lindsay C. Harrison**

C.     All counsel who participated in Rule 26(f) conference on behalf of Plaintiff(s):

   **Robert S. Goggin**

D.      All counsel who participated in Rule 26(f) conference on behalf of Defendant(s):

   **Lindsay C. Harrison**
   **Huiyi Chen**
   **Stephen Dougherty**

   NOTE: Per Judge Murphy's policies and procedures, lead counsel for a case **must** participate in the Rule 26(f) conference.

### II.     Description of claims and defenses

The parties may assume that Judge Murphy has read the complaint and other pleadings and is familiar with the claims and defenses.  With that in mind, counsel should go a layer deeper and summarize the key facts and threshold legal issues that underlie the claims and defenses.  In addition, the parties should attach critical documents to this report, if not attached to the pleadings already (*e.g.*, in a contract case, the document(s) comprising the contract; in a personal injury case, photographs of the scene, etc.).

**Plaintiff Bostian's Description**: Plaintiff claims indemnity under the Amtrak bylaws and policies Plaintiff was employed by Defendant Amtrak as a Locomotive engineer.  On May 12, 2015, while operating an Amtrak train, a derailment occurred. As a result, multiple civil lawsuits were filed against Amtrak and Plaintiff, Bostian.

Plaintiff initially requested indemnification by email dated June 22, 2015.  At that time only Civil cases had been filed against Amtrak and Plaintiff. However, multiple law enforcement agencies including, the Federal Bureau of Investigation, Amtrak Police Department and the Philadelphia Police Department, were actively making criminal investigations of the derailment.

Plaintiffs' indemnity request of June 22, 2015, requested that Amtrak provide Bostian a defense "<u>in all claims and civil lawsuits</u>" (emphasis added) filed against Bostian related to the Frankford Junction Derailment of May 12, 2015.

Amtrak approved indemnification for Bostian on June 29, 2015.  The indemnification granted at that time was specific to the civil cases then filed.

The test for indemnification is defined in Amtrak's By-Laws. In a *civil* case the test requires that Amtrak determine that, at the time of the incident, Bostian was acting within the scope of his duties to Amtrak and that the employee acted in good faith and in a manner the person reasonably believed to be in (or not opposed to) the best interests of Amtrak. Amtrak in 2015 made a determination that Plaintiff passes this test.

Indemnification in a *criminal* proceeding has the additional requirement that the employee must not have had a reasonable cause to believe that his or her conduct was unlawful. This issue was not ripe in 2015. However, multiple criminal investigation were ongoing.

Bostian was criminally charged in 2017. After five years of criminal proceedings a jury found Bostian not guilty. The additional requirement for indemnification in a *criminal* proceeding was not ripe until after the criminal proceedings concluded. The verdict of not guilty in the criminal proceeding *ipso facto* meets the additional requirement for indemnification in a criminal case. Bostian could not have had a reasonable cause to believe that his conduct was unlawful as he was found not guilty.

Plaintiff sent a second request for indemnification during the criminal proceedings on May 30, 2017.  Amtrak claims this was not received. However, the second request was hand delivered to Amtrak Claim agent Barbra Maine in October of 2022.

Bostian claims that his initial email of June 22, 2015, was sufficient notice of a request for indemnification in, "<u>in all claims and civil lawsuits</u>", including criminal charges then being investigated. Bostian further claims the By-Law indemnification requirement in a criminal was not ripe to decide until after the criminal proceedings concluded.

<u>Defendant Amtrak's Description</u>:    Plaintiff Brandon Bostian was an employee and locomotive engineer of Defendant Amtrak and was involved in a train derailment incident in Pennsylvania on May 12, 2015.  Following the incident, multiple lawsuits for personal injury were brought against Mr. Bostian.  On June 22, 2015, Mr. Bostian made a written request via email through his attorney, Robert S. Goggin, III, for Amtrak to provide defense and indemnification for these personal injury lawsuits.  Within a week, on June 29, 2015, Amtrak issued a memorandum to Mr. Bostian, agreeing to "defend [Mr. Bostian] in connection with civil lawsuits filed against [Mr. Bostian] for personal injuries arising from the May 12, 2015 incident" subject to certain conditions such as cooperation with Amtrak and reservation of rights to revoke the defense provided to him.  On July 13, 2015, Mr. Bostian countersigned the memorandum, acknowledging agreement to "the terms set forth

3

in [the June 29, 2015, memorandum]." Pursuant to the June 29, 2015, memorandum, which memorialized the parties' agreement on the scope and conditions for Amtrak's provision of defense and indemnification related to the May 12, 2015, incident, and in accordance with Amtrak's Bylaws and Policy on Indemnification, Amtrak provided full defense and indemnification for all personal injury lawsuits against Mr. Bostian arising from the May 12, 2015, incident.

In 2017, Mr. Bostian was criminally indicted for his conduct in the May 12, 2015, incident. The criminal proceedings continued for five years, and a jury reached a verdict of not guilty on all charges in 2022. Throughout the criminal proceedings, Bostian or his attorney never made any request to Amtrak for indemnification. After the verdict in Mr. Bostian's criminal trial in 2022, Mr. Bostian, through his attorney Mr. Goggin, for the first-time requested indemnification for his criminal trial.

The May 12, 2015, incident was also the subject of investigation by law enforcement agencies shortly after the incident. However, Mr. Bostian never made any request for indemnification with regard to those agency proceedings before filing this lawsuit.

In January 2017, Mr. Bostian filed a civil lawsuit pursuant to the Federal Employers Liability Act (FELA) against Amtrak seeking damages for personal injuries resulting from the May 12, 2015, incident. Amtrak filed a counterclaim seeking property damages caused by Mr. Bostian in the May 12, 2015, incident. Mr. Bostian never made any request for indemnification with regard to that civil lawsuit before filing this lawsuit.

In 2023, Mr. Bostian filed this lawsuit against Amtrak, seeking declaratory relief that he is entitled to indemnification by Amtrak with respect to "liabilities or losses, including expenses, judgments and amounts paid and/or incurred by Bostian or on his behalf in all

[past, current, and future] civil, criminal, or agency proceedings" arising from the May 12, 2015 incident, and an award for attorney's fees and cost incurred in this action.

Amtrak's Bylaws and Policy on Indemnification do not grant an outright entitlement to indemnification to Amtrak's employees, but instead lay out the procedures and standards that must be followed before indemnification occurs. The first step of the required procedures, under Amtrak's Policy on Indemnification Section 4.2, is that "[a]ny employee . . . who becomes aware of the commencement, initiation or pendency of any Proceeding (including by such person's receipt of any complaint, charge, indictment, request, summons or subpoena) for which such person will or is reasonably likely to seek indemnification and/or advancement of expenses **shall promptly submit** such request or notice, as the case may be, in writing to [Amtrak's] Law Department personnel[.]" (Emphasis added.) After the request is promptly made and other procedures and standards have been met, Amtrak has the right to further impose terms, conditions, or limitations (*e.g.*, duty to cooperate with Amtrak) before agreeing to indemnification, and the employee seeking indemnification must agree to such terms, conditions, or limitations to receive indemnification—as demonstrated by the June 29, 2015 memorandum executed by Amtrak and Mr. Bostian with regard to indemnification of personal injury lawsuits against Mr. Bostian arising from the May 12, 2015 incident.

Mr. Bostian failed to take that required first step to promptly request indemnification for any criminal or agency proceedings, as well as for the civil proceeding he brought against Amtrak, which is fatal to his claims. In addition, despite multiple requests from Defendant, Plaintiff has not been able to substantiate his request for indemnification related to these proceedings with evidence regarding itemization of any alleged fees and costs (including, for example, legal invoices) or why they were reasonable. As to the civil proceedings against him

for personal injury arising from the May 12, 2015, incident, Amtrak has already provided full defense and indemnification pursuant to the parties' agreement memorialized in the June 29, 2015, memorandum, which is an undisputed fact.  There is no legal or factual basis for any of the relief Mr. Bostian asks for in the Complaint.

Finally, Mr. Bostian's claims are barred in whole or in part because they are preempted by the Railway Labor Act of 1926 (RLA), 44 Stat. 577, as amended, 45 U.S.C. § 151 *et seq.*, and he failed to exhaust the statutory remedies available to him before the statute of limitations under the RLA ran.

### III.   Stipulated facts and insurance coverage and deductibles

The parties must stipulate as to facts not in dispute.  We require stipulations to avoid duplicative and unnecessary discovery, wasted time in depositions asking questions about names, addresses and background or otherwise on dates which are undisputed, employment histories, etc. While we do not expect you to stipulate to disputed facts at this early stage, we do expect a thorough recitation of undisputed facts.  The parties must also disclose insurance coverage, including retainer or deductible, consistent with Rule 26(a)(1)(A).

### A.  Stipulation of Facts

**The parties stipulate to the following facts:**

1. **Plaintiff Brandon Bostian was an employee and locomotive engineer of Defendant Amtrak and was involved in a train derailment incident in Pennsylvania on May 12, 2015.**

2. **Following the incident, multiple lawsuits for personal injury were brought against Mr. Bostian.**

3. **Indemnity was initially requested by Plaintiff on June 22, 2015.**

4. **The initial request asked that Amtrak provide "a defense in all claims and civil lawsuits filed against [Bostian] related to the Frankford Junction Derailment of May 12, 2015."**

5. **Within a week, on June 29, 2015, Amtrak issued a memorandum to Mr. Bostian, agreeing to "defend [Mr. Bostian] in connection with civil lawsuits filed against [Mr. Bostian] for personal injuries arising from the May 12, 2015, incident" subject to certain terms, conditions, and limitations.**

6. **On July 13, 2015, Mr. Bostian countersigned the memorandum, acknowledging agreement to "the terms set forth in [the June 29, 2015, memorandum]."**

7. **At the time of Plaintiff's indemnity request only civil cases against Mr. Bostian existed.**

8. **At the time of Plaintiff's indemnity request criminal investigations were ongoing, including investigations by the Amtrak Police Department, Federal Bureau of Investigation (FBI), and the Philadelphia Police Department (PPD).**

9. **In May 2017, Mr. Bostian was criminally indicted for his conduct in the May 12, 2015, incident.**

10. **The criminal proceedings continued for five years, and a jury reached a verdict of not guilty on all charges in March 2022.**

**B. Insurance Coverage**

**Not Applicable as to Plaintiff Bostian.  Amtrak is self-insured for the purpose of this litigation.**

**IV.     Anticipated scope of discovery**

This information is critical to having a meaningful conference, and Judge Murphy's understanding of the scope and nature of discovery will largely determine the schedule.  The parties should consider the discovery that they will need and provide thoughtful answers.  Generic statements like "discovery about all claims and defenses" is unacceptable.  Judge Murphy invites the parties to vary from the default limits in the Federal Rules and provide thoughtful answers based on their actual assessment of the case.

**A.**   Summarize with specificity those issues on which the parties will need to conduct discovery.  Identify categories of information each party needs in discovery and why.

**Plaintiff seeks the factual background employed by the Defendant in determining Plaintiff's eligibility for indemnification under the applicable Amtrak's Bylaws discussed in Exhibit C. Plaintiff further seeks any additional facts utilized by the Defendant if their initial decision has changed.  This can be accomplished with minimal paper discovery and the depositions of the three individuals that made the initial determination and any additional individuals that may have been involved in any subsequent decisions, after those listed in Exhibit C.**
**As to the issue of notice of the request for indemnification Plaintiff believes that paper discovery followed by depositions (more likely than not of the same individuals referenced in the preceding paragraphs) of the General Counsel and those involved at the time of these events should suffice.**

**At this time, Defendant Amtrak intends to take discovery on the following issues: (1) whether Plaintiff promptly and properly made any request to Amtrak for indemnification for proceedings referred to in the Complaint; and (2) the amount and itemization of attorneys' fees and costs associated with the proceedings for which Plaintiff requests indemnification in the Complaint.**

**B.**   Anticipated number of interrogatories per party:

Plaintiff         **25**

Defendant      **up to 25**

**C.**   Anticipated number of depositions per party:

Plaintiff         **5**

Defendant      **up to 5**

**D.**   Do the parties anticipate the need for any agreements on remote deposition protocols?

**No.  Should any remote depositions be required, the parties will cooperate with each other regarding the same.**

**E.**   To the extent either party proposes to exceed the presumptive limits in the Federal Rules for discovery, explain the basis for that proposal.

**N/A**

**F.**   Do the parties anticipate the need for a Fed. R. Evid. 502(d) order?

**Yes.  A proposed order is attached hereto for the Court's consideration.**

**G.**   Do the parties anticipate the need for any third-party discovery?  If so, identify the likely third parties and the discovery to be sought.

> **Yes.  Defendant Amtrak intends to conduct third-party discovery on (1) individuals or entities who were involved in or have knowledge of any indemnification request by Plaintiff to Defendant; and (2) individuals or entities who have knowledge or information related to the amount of indemnification Plaintiff requests in the Complaint and any support or basis thereof.**

**H.**   Do the parties anticipate the need for experts?  If so, identify the subjects on which the expert(s) may opine.  Be sure to point out whether defendant(s) will be advancing experts on affirmative issues, or only in response to plaintiff(s) experts.  State whether expert depositions will be taken, and if so, an agreement or positions on how many will be required.

> **The parties do not anticipate needing experts at this time.**

**I.**   Does the plaintiff expect to request attorneys' fees as a prevailing party, either pursuant to a contract or a statute? If so, state the basis for the expected request.

> **Yes, Defendant's Bylaws specifically all for attorney fees and costs.**

**J.**   Has each party provided written notice to the client of the obligation to preserve all relevant material, including electronic records?

> Plaintiff          **Yes**
>
> Defendant          **Yes**

## V.   Status of discovery

The parties must summarize the status of discovery so far.  If discovery has not progressed, the parties should explain why.  In general, Judge Murphy expects the parties to begin discovery prior to the Rule 16 conference.

**The Parties have held the Rule 26 (f) conference and discovery has commenced.**

## VI.   Proposed case management deadlines

**A.**   Rule 26(a)(1) initial disclosures were exchanged: **August 2, 2023**

**B.**   Deadline to amend pleadings to add claims or parties (must be as early as practicable to avoid prejudice or unnecessary delays): **September 15, 2023**

**C.**   Deadline for affirmative expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (if any): **N/A**

**D.**   Deadline for rebuttal expert reports (if any): **N/A**

**E.**     Deadline(s) to complete fact/expert discovery: **November 1, 2023 (90 days from the start of discovery on August 2, 2023)**

**F.**     Provide an explanation for the position of the parties on whether expert discovery will run concurrently with fact discovery or be sequenced after fact discovery.

          **N/A**

**G.**     If any party seeks more than 120 days for discovery, explain why.  **N/A**

**H.**     Deadline to file motion for summary judgment: **December 15, 2023**

## VII.   Electronic discovery

The parties' Rule 26(f) discussions must include a thorough discussion about electronic discovery, including but not limited to: (1) the need for electronically stored information ("ESI"); (2) sources of ESI; (3) the anticipated scope of electronic discovery; (4) the identity of potential custodians; (5) whether search terms will be necessary and, if so, any limitations thereto; (6) the respective burdens of collecting, reviewing, and producing ESI, including any claims for cost-shifting under the Federal Rules of Civil Procedure; and (7) any anticipated problems with electronic discovery.  The parties should summarize their discussion on these issues here.  Counsel who attends the Rule 16 conference should be familiar with and able to discuss any ESI-related issues that might arise.

In addition, the Parties should state whether they have agreed to an ESI stipulation.  If so, the parties should submit the stipulation to the Court in advance of the Rule 16 conference.  If not, the parties should identify what issues need to be resolved to finalize the stipulation.

**The parties discussed the matters listed above, and at this time, the parties do not anticipate needing an ESI stipulation given the limited scope of anticipated electronic discovery and the relatively small number of anticipated custodians.  The parties have agreed to accept documents exchanged in discovery in .pdf format with the appropriate identification/Bates number stamping unless there is a need for the information to be produced in native form and/or with the associated metadata, in which case counsel have agreed to cooperate with each other.**

## VIII.   Protective orders and confidentiality agreements

The parties should indicate whether they anticipate the need for a protective order in this case.  If so, the parties must explain what type of information needs protection from disclosure and why such protection is warranted under governing standards.  In addition, the parties are directed to Judge Murphy's policies and procedures concerning protective orders and confidentiality agreements.

**The parties do not believe a protective order or confidentiality agreement is necessary in this case.**

## IX.     Alternative dispute resolution

**A.**     Have the parties engaged in any settlement discussions?  If so, set forth the status of those negotiations.  If not, explain why not.

**The parties have not engaged in any settlement discussions as initial disclosures have just been exchanged and discovery is in the early stages.**

**B.**     Have the parties explored or considered other forms of alternative dispute resolution?  If so, summarize those efforts.  If not, state the parties' positions with respect to ADR, as required under Local Rule 53.3.

**The parties have not explored or considered ADR at this point.**

**C.**     Identify the individual who will attend the Rule 16 conference who will have authority to discuss settlement.

**Plaintiff Bostian: Robert Goggin**

**Defendant Amtrak: Lindsay C. Harrison**

## X.     Consent to send case to a Magistrate Judge

If all parties consent to have a United States Magistrate Judge conduct any or all proceedings in this case, pursuant to 28 U.S.C. § 636(c), the parties should indicate as such and complete and return to the Court a Consent and Reference Of A Civil Action To A Magistrate Judge, (available at this link).

**The parties do not consent at this time to have a United States Magistrate Judge conduct any or all proceedings in this case.**

## XI.     Service by electronic means

Confirm that the parties consent to service of pleadings and discovery via email pursuant to Fed. R. Civ. P. 5(b)(2)(E).  Any party that does not consent must explain its reasons.

**The parties consent to service of pleadings and discovery via email pursuant to Fed. R. Civ. P. 5(b)(2)(E).**

## XII.     Policies and procedures

Judge Murphy's policies and procedures are available for the parties to review on the Court's website. By signing below, counsel for each party and/or each *pro se* party represents that he or she has reviewed the Judge's policies and procedures and acknowledges the requirements contained therein.  The parties and their counsel further acknowledge by signing below that Judge Murphy may strike pleadings and other submissions that do not comply with his policies and procedures.

**Acknowledged.**

## XIII.   Other matters

The Parties should identify any other issues that have not been addressed above but may require the Court's attention (*e.g.*, anticipated motions, bifurcation, privilege issues, etc.).

**N/A.**

 Dated: August 21, 2023                              Respectfully submitted,

**PLAINTIFF BRANDON BOSTIAN**

By:      */s/ Robert S. Goggin, III*
              Plaintiff's Attorney

**Robert S. Goggin, III**
PA Bar ID: 61779
Keller & Goggin, P.C.
1420 Walnut Street
Suite 1108
Philadelphia, PA 19102
(O): 215-735-8780
(F): 215-735-5126
rgoggin@keller-goggin.com

**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION**

By:      */s/ Lindsay C. Harrison*
              One of Defendant's Attorneys

**Lindsay C. Harrison (*appearing pro hac vice*)**
Jenner & Block LLP
1099 New York Avenue, NW, Suite 900
Washington, DC  20001-4412
(202)-639-6865
lharrison@jenner.com

**Huiyi Chen (*appearing pro hac vice*)**
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312)-840-7389
hchen@jenner.com

**RICHARD K. HOHN, ESQUIRE**

RHOHN@DVERDICT.COM
Identification No.: 32528
**STEPHEN S. DOUGHERTY, ESQUIRE**
SDOUGHERTY@DVERDICT.COM
Identification No.: 312027
HOHN & SCHEÜERLE, LLC
Suite 3242
1700 Market Street
Philadelphia, PA 19103
215-496-9995
215-496-9997 (Fax)