IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON BOSTIAN,<br><br>         Plaintiff,<br><br>     v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK),<br><br>         Defendant. | CIVIL ACTION<br><br>NO. 23-1975 |

**STIPULATION AND FEDERAL RULE OF EVIDENCE 502(D) ORDER (PROPOSED)**

    It is hereby stipulated and agreed, by and between Plaintiff Brandon Bostian and Defendant National Railroad Passenger Corporation (Amtrak) (collectively, "the Parties," and each a "Party"), by their respective counsel in the above-captioned action ("Action") as follows:

**1. DEFINITIONS.**

1.1. "Document" shall have the meaning contemplated by Federal Rule of Civil Procedure 34(a)(l)(A).

1.2. "ESI" is an abbreviation of "electronically stored information" and shall have the same meaning and scope as it has in Federal Rule of Civil Procedure 34(a)(l)(A).

1.3. "Production" or "Produced" includes any transmittal of information, Documents, or ESI by a Producing Party, whether voluntarily or in response to a formal or informal request.

1.4. "Producing Party" means any party or third party that produces information, Documents, or ESI in the litigation.

1.5. "Receiving Party" means any party or third party that receives information, Documents, or ESI produced in the litigation.

1.6. **"Requesting Party"** means any party that requests production of information, Documents, or ESI in the litigation.

**2. CLAWBACK ORDER.**

2.1. <u>Subject Matter Waiver</u>. Subject matter waiver shall be governed by Federal Rule of Evidence 502(a).

2.2. <u>Non-Waiver</u>. Pursuant to Federal Rule of Evidence 502(d), the inadvertent or unintentional production of any material or information shall not be deemed to waive any privilege or work product protection in this litigation or in any other federal or state proceeding. Nothing in this Order is intended to or shall serve to limit a Producing Party's right to conduct a review of any information, Documents, or ESI for relevance, responsiveness, and/or segregation of privileged and/or protected information before production, subject to Paragraph 2.3. The Parties stipulate that the entry of this Order by the Court shall constitute a Rule 502(d) order, which shall be interpreted to provide the maximum protection allowed by Rule 502(d).

2.3. <u>Assertion of a Clawback</u>. Any Producing Party may request the return of any inadvertently or unintentionally produced information, Documents, or ESI on the grounds of privilege or work product protection by identifying it, stating the basis for withholding such information, Documents, or ESI from production, and providing any other information that would be listed on a supplemental privilege log within ten (10) business days of the clawback, subject to items a) and b) in Paragraph 2.4. If the Producing Party claims that only a portion of a Document contains privileged or protected material, the Producing Party shall also provide a new copy or copies of the Document(s) with the potentially protected material redacted as soon as reasonably practicable.

        a)       The Parties may stipulate to extend the time period set forth in Paragraph 2.3.

2.4.    <u>Clawback Process</u>:

        a)       If a Party requests the return on grounds of privilege or work product protection of produced information, Documents, or ESI then in the custody of any Receiving Party (the "Reclaimed Materials"), the Receiving Party shall within ten (10) business days of receipt of written notice, (i) destroy or return to the producing party the Reclaimed Materials, all copies (including electronic copies loaded to a review database), and any notes or work product referencing the privileged information, and (ii) provide a certification of counsel that all of the Reclaimed Material has been returned or destroyed.

        b)       <u>Challenging a Clawback</u>. If a Receiving Party intends to challenge the assertion of privilege or work product protection over Reclaimed Materials, it must (i) immediately sequester and refrain from reviewing the Reclaimed Materials as well as all copies (including electronic copies loaded to a review database), and any notes or work product referencing the privileged information, and (ii) provide written notice within ten (10) business days of receipt of the request.

                i.       The Producing Party and Receiving Party thereafter shall meet and confer in good faith regarding the disputed claim within ten (10) business days.

                ii.      In the event that the Producing Party and Receiving Party do not resolve their dispute, the Receiving Party must file a motion to compel the production of the Reclaimed Materials within thirty (30) days of its notice challenging the assertion of privilege or work product protection. Pending

      the Court's ruling, the Receiving Party shall not reference or make any use of such Reclaimed Materials.

  c) The Parties may stipulate to extend the time periods set forth in Paragraphs 2.4.a) and b).

  d) Reclaimed Materials under this Order shall not be used as grounds by any third party to argue that any waiver of privilege or protection has occurred by virtue of any production in this case.

  e) Nothing in this Order shall limit the right of any party to petition the Court for an *in camera* review of the Reclaimed Materials.

  f) A Party is not precluded by this Order from arguing that a privilege or protection has been waived for reasons other than the inadvertent production of material that is subsequently clawed back in accordance with the terms of this Order.

2.5. <u>Receiving Party's Obligation</u>. Without waiving the ability to challenge a clawback under Paragraph 2.4, any Receiving Party that discovers it may have received any inadvertently disclosed or produced privileged or protected information, Document, or ESI must promptly notify the Producing Party. The Producing Party must notify the Receiving Party whether it intends to clawback the information, Document, or ESI within ten (10) days of receiving notice under Paragraph 2.5, inclusive of providing the information required by Paragraph 2.3(a). The Receiving Party may not use or disclose the information until the claim is resolved. If the Receiving Party disclosed the information before being notified, it must take reasonable steps to retrieve and prevent further use or distribution of such information until the claim is resolved. All Parties must comply with Federal Rule of Civil Procedure 26(b)(5)(B).

2.6. <u>Clawbacks before Deposition</u>. To the extent a party receiving a clawback notice believes a clawback made within 30 days of the date of a scheduled deposition impacts that deposition, and the propriety of the clawback is not resolved pursuant to the dispute resolution provisions above prior to the date of the deposition, the parties will meet and confer, and a party may seek guidance from the Court if the meet and confer does not reach a successful resolution.

2.7. <u>Loss of Clawback</u>. Notwithstanding the foregoing paragraph regarding limitations on waiver of privilege, the Parties agree that any document used by any Receiving Party in a deposition, expert report, or court filing in this action (with the exception of a motion to determine the existence of any privilege), shall not be eligible for protection under Rule 502(d) as a clawed-back document if the Producing Party does not clawback that document pursuant to this Order within 30 calendar days of its use in a deposition, hearing, or other Court proceeding, any discovery papers served, expert papers served, or in any filing with the Court. Such ineligibility for clawback of that document, and any disclosed protected information it contains, shall not result in a subject matter waiver in any other state or federal proceeding. The parties reserve their rights to utilize Rule 502(b), including but not limited to establishing whether and to what extent a court order recognizing waiver of privilege under Rule 502(b) with respect to a document effects a subject matter waiver.

Date: _____   _____
                                         The Honorable John F. Murphy
                                         United States District Judge