IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON BOSTIAN,<br><br>    v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK). | Case No. 2:23-CV-01975<br><br>Honorable John F. Murphy |

**PLAINTIFF BRANDON BOSTIAN'S MOTION TO DISMISS WITHOUT PREJUDICE**

Plaintiff, Brandon Bostian seeks a dismissal of the above action pursuant to F.R.C.P 41 (2) and avers as follows.

1. On May 12, 2015, Mr. Bostian was the locomotive engineer on Amtrak's train 188 which derailed at the Frankford Junction in Philadelphia killing eight people and injuring many others.

2. It is admitted, in the Amtrak Memo of June 29, 2015, that Mr. Bostian requested that Amtrak provide a defense in all claims and civil lawsuits related to the Frankford Junction Derailment of May 12, 2015. (Exhibit A)

3. In accordance with Amtrak's Bylaw, Article IX Section 9.01, (Indemnification) Amtrak provided a defense in all the civil claims. (Exhibit A)

4. Pennsylvania's Attorney General filed criminal charges against Mr. Bostian in May of 2017.

5. Mr. Bostian was found not guilty on all charges on March 4, 2022.

6. Amtrak's indemnity bylaws require an additional finding, in the case of a criminal matter, that the employee did not believe his conduct to be criminal at the time of the incident.

7. In 2017, Mr. Bostian filed a Federal Employers Liability Act (FELA) claim against Amtrak stemming from the same May 12, 2015, derail at the Frankford Junction, in the Court of Common Pleas in Philadelphia.

8. Mr. Bostian filed the above action seeking application of Defendants Bylaws regarding indemnification for costs incurred from his criminal defense.

9. The FELA claim provides for consequential damages to a victorious Plaintiff.

10. Part of Mr. Bostian's, FELA consequential damages include the costs of his criminal defense.

11. Mr. Bostian's FELA trial is projected to last two weeks and has a date certain of December 14, 2023.

12. This Declaratory Action will not be resolved until after the FELA action is either settled or a verdict is reached as responses to summary judgment motions are not due until December 29, 2023.

13. Bostian has 10 experts and at least seven witnesses that have made themselves available during the holiday season to testify. They are all attending the trial live.

14. The costs for the December trial are substantial and many are nonrefundable.

15. Defendant in the instant matter has suggested postponing the Civil trial to have this matter resolved first. Mr. Bostian believes this to be costly, inefficient, and substantially more cumbersome than withdrawing this matter.

16. These two actions seek the same damages through different avenues, and determination in one makes the other moot.

17. Mr. Bostian can ill afford to postpone the FELA matter that has been pending since 2017 and there is no guarantee that the court would agree to a postponement.

18. In the interest of Judicial economy Mr. Bostian wishes to withdraw the instant action.

19. In the interest economy of effort, by all parties, Mr. Bostian wishes to withdraw the instant action.

20. In the interest of duplicative litigation, Mr. Bostian wishes to withdraw the instant action.

Wherefore, Plaintiff, Brandon Bostian, requests this honorable Court to allow the withdrawal of this matter without prejudice.

Respectfully submitted,

**KELLER & GOGGIN, P.C.**

BY: */s/ Robert S. Goggin, III*
ROBERT S. GOGGIN, III
*Attorney for Plaintiff, Brandon Bostian*

DATED: September 21, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON BOSTIAN,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK). | Case No. 2:23-CV-01975<br><br>Honorable John F. Murphy |

**BRANDON BOSTIAN'S MEMO OF LAW IN SUPPORT OF HIS MOTION TO DISMISS WITHOUT PREJUDICE**

On May 12, 2015, Mr. Bostian was the locomotive engineer on Amtrak's train 188 which derailed at the Frankford Junction in Philadelphia killing eight people and injuring many others. Pennsylvania's Attorney General filed criminal charges against Mr. Bostian. A jury found Mr. Bostian not guilty on all charges on March 4, 2022.

Mr. Boston, in 2017, filed the Federal Employers Liability Act (FELA) lawsuit against Amtrak for injuries sustained in the May 12, 2015, derailment. A FELA claim allows the plaintiff consequential damages. Part of Mr. Bostian's consequential damages, in the FELA claim, is reimbursement of the costs incurred from his criminal litigation.

In August of 2023, Mr. Bostian, filed this Declaratory Action against Amtrak seeking indemnity for his expenses incurred from his criminal litigation.

Mr. Boston 's FELA trial has a date certain of December 14, 2023. The scheduling order for Mr. Bostian's Declaratory Action does not bring closure to this issue before the FELA is resolved. The FELA action will be resolved by settlement or verdict prior to a decision in this pending action. Each action seeks, in part, identical damages for the cost incurred from the criminal litigation. A decision one will make the other moot.

4

In the interest of judicial economy and duplicative effort Mr. Bostian requests this Court to allow Mr. Bostian to withdraw this matter, without prejudice.

Allowing Mr. Bostian to voluntarily dismiss this action promotes judicial economy. In *Meyer v. United States,* CIVIL 1:20 -cv-00343-BLW (D. Idaho Mar. 28, 2023) the court discusses the application of Rule 41 to a motion to dismiss. The court specifically notes that granting the motion "conserves judicial resources and is in the interest of judicial economy."

The Third Circuit in *McKenna v. City of Philadelphia,* 304 F. App'x 89 (3d Cir. 2008), discusses the prohibition against maintaining two separate actions involving the same subject matter and the same defendant, at the same time. Although the court also considered that the actions were in the same court, this action is substantially similar although the second action is in the Court of Common Pleas in Philadelphia County.

Rule 41(a)(2) applies here given that Amtrak has already responded to the complaint and no stipulation has been filed. Rule 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." A decision to grant a voluntary dismissal under Rule 41(a)(2) is left to the sound discretion of the district court. Generally, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches,* 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted). "[L]egal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal. *Id.* at 976. Further, granting voluntary dismissal conserves judicial resources and is in the interest of judicial economy.

The District Court relied upon *Walton v. Eaton Corp.,* 563 F. 2d 66, 70 (3d Cir.1977), which prohibited a plaintiff from maintaining two separate actions involving the same subject

5

matter at the same time in the same court against the same defendant. *Emrit v. PNC Bank,* No. 22-1334 (3d Cir Oct. 3, 2022)

Wherefore, Mr. Bostian requests that this honorable court permit this matter to be voluntarily withdrawn without prejudice.

                Respectfully submitted,

                **KELLER & GOGGIN, P.C.**

BY:   /s/ Robert S. Goggin, III
          ROBERT S. GOGGIN, III
          *Attorney for Plaintiff, Brandon Bostian*

DATED: September 21, 2023

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a copy of the forgoing *Plaintiff's Motion to Dismiss Without Prejudice* has been served upon counsel of record listed below, *via* ECF Filing, this 21st day of September 2023.

        Lindsay C. Harrison, Esquire
        Jenner & Block, LLP
        1099 New York Ave., NW, Suite 900
        Washington, DC 20001-4412
        lharrison@jenner.com

        Huiyi Chen, Esquire
        Jenner & Block LLP
        353 N. Clark Street
        Chicago, IL, 60654-3456
        hchen@jenner.com

        Richard K. Hohn, Esquire
        Stephen S. Dougherty, Esquire
        Hohn & Scheuerle, LLC
        1700 Market Street, Suite 3242
        Philadelphia, PA 19103
        rhohn@dverdict.com
        sdougherty@dverdict..com
        *Attorneys for Defendant*


        By:    */s/ Robert S. Goggin, III*
                  ROBERT S. GOGGIN, III, ESQUIRE
                  PA Bar ID: 61779
                  rgoggin@keller-goggin.com
                  1420 Walnut Street, Suite 1108
                  Philadelphia, PA  19102
                  (215) 735-8780
                  (215) 735-5126
                  *Attorney for Plaintiff*