IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRANDON BOSTIAN** | : CIVIL ACTION |
| | : |
| v. | : NO. 23-1975 |
| | : |
| **NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK)** | : |
| | : |

# ORDER

**AND NOW**, this 12th day of December 2023, upon considering plaintiff's motion to dismiss (DI 22) and accompanying briefing (DI 27, 28, 29), and following our oral argument and evidentiary hearing held today in court with all counsel, it is **ORDERED**:

1. No later than **December 13, 2023**, plaintiff shall file the 6 unobjected-to exhibits he introduced during the hearing (1, 2, 3, 3a, 4, and 5); defendant shall file the 2 unobjected-to exhibits it introduced during the hearing (6 and 7).

2. In light of the record as it stands, we are giving serious consideration to dismissing the case with prejudice.[1] Conscious of the potential consequences, assuming that plaintiff does not intend to withdraw its motion to dismiss, plaintiff shall show cause why the case should not be dismissed with prejudice no later than **January 5, 2024**. Defendant shall file any response no later than **January 12, 2024**.

---

[1] Very briefly, in this case, Mr. Bostian seeks indemnification from Amtrak for a criminal proceeding. *See generally* DI 1. Counsel for Mr. Bostian, Robert S. Goggin III, Esq., attached to the complaint a purported 2017 letter requesting indemnification for the criminal proceeding. DI 1-7. Mr. Goggin eventually admitted that he created the letter long after 2017. *See* DI 28 at 5. He testified that it is a recreation of an original letter, any evidence of which was lost in a laptop theft. That is troubling enough. But today's hearing gives reason to believe that Mr. Goggin repeatedly tried to use the recreated letter as though it were the original, and much worse, that there never was an original letter. Mr. Bostian would like this case dismissed without prejudice so he can pursue similar relief in a state-court FELA litigation. Amtrak makes a compelling argument that dismissal with prejudice would be more appropriate given the circumstances.

3. Because of Mr. Goggin's representation that his plan is to pursue similar relief for Mr. Bostian in the state-court FELA litigation, the parties shall immediately inform the state-court judge in the FELA litigation of today's hearing and provide that court with the transcript, exhibits, and any other relevant information from the record of this case.

4. If Amtrak wishes to seek an award of fees in this case, it shall file an appropriate motion providing the facts and authorities in support of such an award.

5. Pursuant to Rule V of Local Rule 83.6, the matter of Mr. Goggin's representations to the court, conduct in this litigation, and supposedly recreated letter is referred to Chief Judge Juan R. Sánchez of this Court for further proceedings if necessary.[2]

*[signature]*
**MURPHY, J.**

---

[2] E.D. Pa. Civ. R. 83.6 (Rule V(A)) ("When the misconduct or other basis for action against an attorney . . . which . . . would warrant discipline or other action . . . shall come to the attention of a judge of this court, . . . the judge shall refer the matter to the Chief Judge who shall issue an order to show cause.").