IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON BOSTIAN, | NO. 2:23-CV-01975 |
| Plaintiff, | Honorable John F. Murphy |
| v. | |
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), | |
| Defendant. | |

## DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S (AMTRAK) MOTION FOR ATTORNEYS' FEES AND COSTS AGAINST PLAINTIFF'S COUNSEL

Pursuant to Federal Rule of Civil Procedure 54(d), Defendant National Railroad Passenger Corporation (Amtrak), by and through its undersigned counsel, hereby moves for an Order directing Robert S. Goggin, III, counsel for Plaintiff Brandon Bostian, to reimburse the attorneys' fees and costs Amtrak expended litigating the above-captioned case. Amtrak incorporates the accompanying Memorandum of Law in Support and the accompanying Declaration in Support by Lindsay Harrison. Amtrak respectfully requests that this Court grant its motion and order Mr. Goggin to pay Amtrak $322,148.20 in attorneys' fees and $101.40 in costs.

Dated: January 11, 2024

Respectfully submitted,

**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION**

By: */s/ Lindsay C. Harrison*
     One of Defendant's Attorneys

**Lindsay C. Harrison (***appearing pro hac vice***)**
Jenner & Block LLP
1099 New York Avenue, NW, Suite 900
Washington, DC  20001-4412
(202)-639-6865
lharrison@jenner.com

**Huiyi Chen (***appearing pro hac vice***)**
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312)-840-7389
hchen@jenner.com

**RICHARD K. HOHN, ESQUIRE**
RHOHN@DVERDICT.COM
Identification No.: 32528
**STEPHEN S. DOUGHERTY, ESQUIRE**
SDOUGHERTY@DVERDICT.COM
Identification No.: 312027
HOHN & SCHEÜERLE, LLC
Suite 3242
1700 Market Street
Philadelphia, PA 19103
215-496-9995
215-496-9997 (Fax)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON BOSTIAN, | NO. 2:23-CV-01975 |
| Plaintiff, | Honorable John F. Murphy |
| v. | |
| NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS AGAINST PLAINTIFF'S COUNSEL**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

BACKGROUND ........................................................................................................................2

LEGAL STANDARD..................................................................................................................6

ARGUMENT ...............................................................................................................................8

I.  This Court Should Order Plaintiff's Counsel to Pay Amtrak's Attorneys'
    Fees and Costs as a Sanction for His Intentional Misconduct. ...............................8

II. Amtrak's Attorneys' Fees and Costs Were Unnecessarily Incurred Due
    to Plaintiff's Counsel's Intentional Misconduct and Are Reasonable. ...................11

CONCLUSION...........................................................................................................................13

# TABLE OF AUTHORITIES

**CASES**

*Carroll v. E One Inc.*, 893 F.3d 139 (3d Cir. 2018) ..............................................6, 8, 9, 10

*Fast v. GoDaddy.com LLC*, No. CV-20-01448, 2022 WL 901380 (D. Ariz. Mar. 28, 2022)................................................................................................6, 9, 10, 11

*Ford v. Temple Hospital*, 790 F.2d 342 (3d Cir. 1986) .................................................6, 10

*Maldonado v. Houstoun*, 256 F.3d 181 (3d Cir. 2001)....................................................7, 12

*Potence v. Hazleton Area School District*, 357 F.3d 366 (3d Cir. 2004).......................8, 12

*Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980), *superseded by statute on other grounds as stated in Lewis v. Smith*, 480 F. App'x 696 (3d Cir. 2012)...........................................................................................................7, 11

*Rode v. Dellarciprete*, 892 F.2d 1177 (3d Cir. 1990)...........................................................8

*Tenafly Eruv Ass'n v. Borough of Tenafly*, 195 F. App'x 93 (3d Cir. 2006)......................13

**OTHER AUTHORITIES**

Fed. R. Civ. P. 41(a)(2)..........................................................................................................6

Fed. R. Civ. P. 54(d)(2)..........................................................................................................7

From the outset of this matter, Plaintiff's counsel has engaged in a fraud on this Court and Amtrak that has cost Amtrak hundreds of thousands of dollars in attorneys' fees and costs it never should have had to expend. Plaintiff's claim was premised on his timely request to Amtrak for indemnification for his criminal defense. The record in this case, including a full evidentiary hearing, shows that while Plaintiff may have instructed his counsel to make such a request in 2017, Plaintiff's counsel never did so. Realizing his mistake in 2022 when Amtrak demanded proof for a timely request, Plaintiff's counsel fabricated a request letter to Amtrak, backdating it to 2017. Plaintiff's counsel then attached the fabricated letter to the complaint in this matter and repeatedly asserted over the course of the litigation that he had sent it to Amtrak in 2017, thereby attempting to deceive the Court and Amtrak in advancement of an otherwise meritless claim. The parties engaged in discovery and just when Amtrak was set to expose the fraud at the close of the discovery deadline, Plaintiff voluntarily dismissed his complaint, ensuring that all the time Amtrak and the Court spent on this matter was for naught.

Under these circumstances, the Federal Rules authorize the Court to require Plaintiff's counsel to reimburse Amtrak for its reasonable fees and expenses. Accordingly, Amtrak respectfully requests that the Court grant Amtrak's Motion and order Plaintiff's counsel to reimburse the reasonable attorneys' fees and costs that Amtrak expended in litigating this case.

**BACKGROUND**[1]

Plaintiff was an employee and locomotive engineer for Amtrak. He was operating Train 188 over twice the track speed limit when it derailed in Pennsylvania on the night of May 12, 2015. Following the accident, multiple plaintiffs sued Plaintiff for personal injury. Plaintiff immediately requested Amtrak to provide a defense in the civil lawsuits against him pursuant to Amtrak's Bylaws and Policy of Indemnification, and Amtrak did so. In May 2017, Plaintiff was criminally charged for his conduct related to the accident and was eventually acquitted in a jury trial in 2022. In May 2023, Plaintiff filed this lawsuit against Amtrak for indemnification for his criminal defense.

Amtrak's Bylaws and Indemnification Policy requires that an employee "shall promptly submit" a request for indemnification when he "becomes aware of the commencement, initiation or pendency of any Proceeding (including by such person's receipt of any complaint, charge, indictment, request, summons or subpoena) for which such person will or is reasonably likely to seek indemnification and/or advancement of expenses." (Compl. Ex. B, Section 4.2.1.) To qualify for indemnification for his criminal proceedings, Plaintiff needed to make a request to Amtrak promptly after his indictment in May 2017.

Plaintiff's complaint alleged he did make a request in 2017 through a letter from Plaintiff's counsel. (*See* Compl. ¶ 19.) Specifically, attached to the complaint as Exhibit D was a purported letter from Plaintiff's counsel to Mr. "William Harrmann [*sic*]," a senior

---

[1] The factual background and procedural history of this case has been laid out in Amtrak's previous filings, including its briefing opposing Plaintiff's motion to dismiss without prejudice (*see, e.g.*, ECF No. 27), and Amtrak only recounts the most relevant background here.

2

attorney in Amtrak's law department, dated May 30, 2017, "request[ing] indemnification for Mr. Bostian, in all criminal matters arising from the May 12, 2015 Frankford Junction Derailment." (ECF No. 1-7.) Plaintiff further asserted in the parties' Joint Rule 26(f) Report that he sent this letter on May 30, 2017. (Joint Rule 26(f) Report at 3, ECF No. 19.)

When Amtrak first saw Exhibit D, Amtrak suspected that the letter was a fake. To start, Amtrak had no record of ever receiving it. (*See* Evid. Hg. Tr. at 62:2–19, ECF No. 45.) Furthermore, the letter listed an address to which Amtrak did not move its corporate headquarters until September 2017—several months after the date on the letter. (*Id.* at 61:1–18.) Accordingly, in its Answer to the Complaint, Amtrak specifically denied that the letter was ever sent or received by Amtrak in 2017 or anytime during the criminal proceeding. (*See* Ans. ¶ 19, ECF No. 12.) Amtrak then made a number of discovery requests for information related to the letter.

As the discovery deadline approached and Amtrak pressed for a response to these requests, rather than respond to them, Plaintiff filed a motion to dismiss without prejudice (ECF No. 22), arguing that this case was duplicative of another state court matter he had filed against Amtrak five years before. Amtrak responded by alerting the Court to the falsification of the purported 2017 letter and asking the Court to exercise its discretion instead to dismiss the case *with* prejudice and award attorneys' fees and costs. (*See generally* Def.'s Opp'n to Pl.'s Mot. to Dismiss Without Prejudice, ECF No. 27.) Before making this filing, Amtrak's counsel sent a copy of the opposition brief to Plaintiff's counsel and informed him that Amtrak suspected the letter was a fake, offering him an opportunity to come clean about the fabrication; Plaintiff's counsel did not respond. (*See* Evid. Hg. Tr. at 22:2–18.)

3

Instead, Plaintiff's counsel acknowledged for the first time in his reply brief that the letter was not an original. (*See* Pl.'s Reply in Support of Mot. to Dismiss Without Prejudice at 5, ECF No. 28.) He also asserted for the first time that he had sent the original in 2017 at Plaintiff's and his parents' request, but subsequently lost it when his laptop was stolen from his office; he then "recreated" it in 2022 when Amtrak asked for proof that Plaintiff timely made an indemnification request, "in good faith and to the best of [his] recollection, explaining to [Amtrak's] claim agent that [his] laptop had been stolen and that the letter produced was not an original." (*Id.* 4–5.) This was yet another misstatement by Plaintiff's counsel since he had never told Amtrak's claim agent, Ms. Barbara Maine, that he had lost the original and recreated the letter in 2022. (*See* Evid. Hg. Tr. at 54:25–57:14.) The Court granted Amtrak's motion for leave to file a sur-reply, including a sworn declaration by Ms. Maine. (ECF Nos. 29 & 30.) In addition, the Court ordered an evidentiary hearing, requiring Plaintiff, Plaintiff's counsel, and Ms. Maine to testify. (ECF No. 30.)

At the evidentiary hearing on December 12, 2023, the Court heard testimony from Plaintiff's counsel, Plaintiff, Mr. Gregory Bostian (Plaintiff's father), Mr. Richard Hohn (counsel for Amtrak), Ms. Maine, and Mr. Herrmann. (*See generally* Evid. Hg. Tr.) Plaintiff's counsel admitted that there was no evidence whatsoever, besides his own testimony, that he had sent the letter to Amtrak in 2017. (*Id.* at 18:15–23.) Neither Plaintiff nor his father had seen a copy of the "original" allegedly sent in 2017. (*Id.* at 39:20–21, 43:2–4.)

Furthermore, Plaintiff's counsel initially testified that he had told Plaintiff *before* filing the complaint that the letter was not an original (*id.* at 31:17–33:7), only to change

4

his story and testify later that he had at least "discussed it with [Plaintiff] once Amtrak had made a fuss about the letter" (*id.* at 33:7–11). On the other hand, Plaintiff testified that he first learned that the letter was not an original when Amtrak raised the issue in its opposition brief against Plaintiff's motion to dismiss without prejudice. (*Id.* at 40:3–9.) Plaintiff's father similarly testified that he did not learn that the letter was not an original until Amtrak raised the issue. (*Id.* at 43:25–44:9.) Both believed Exhibit D to have been an original letter sent in 2017 when they reviewed the complaint. (*Id.* at 40:18–19, 43:22–24.) Consistent with her declaration, Ms. Maine testified that Plaintiff's counsel had never told her the letter was not the original or was recreated in 2022. (*Id.* at 54:25–57:14.)

> In an Order issued following the hearing, the Court summarized it as follows:
>
> Counsel for Mr. Bostian, Robert S. Goggin III, Esq., attached to the complaint a purported 2017 letter requesting indemnification for the criminal proceeding. DI 1-7. Mr. Goggin eventually admitted that he created the letter long after 2017. See DI 28 at 5. He testified that it is a recreation of an original letter, any evidence of which was lost in a laptop theft. That is troubling enough. But today's hearing gives reason to believe that Mr. Goggin repeatedly tried to use the recreated letter as though it were the original, and much worse, that there never was an original letter.

(ECF No. 32.) The Court ordered Plaintiff to show cause why the case should not be dismissed with prejudice, allowed Amtrak to file a motion for attorneys' fees and costs if Amtrak so wishes, and referred Plaintiff's counsel to Chief Judge of the Eastern District of Pennsylvania for further disciplinary proceedings pursuant to Rule V of Local Rule 83.6. (*Id.*)

The next day, Plaintiff filed a motion to dismiss with prejudice (ECF No. 42), which the Court granted (ECF No. 43). At Amtrak's request, the Court reiterated that "Amtrak is entitled to move for attorney's fees as usual under Fed. R. Civ. P. 54(d)." (ECF No. 47.)

Amtrak brings this Motion to seek reimbursement of its reasonable attorneys' fees and costs from Plaintiff's counsel, without whose misconduct the fees and costs would not have been expended.

## **LEGAL STANDARD**

When an action is dismissed by court order pursuant to Federal Rule of Civil Procedure 41(a)(2), the court may impose on the dismissal "terms that the court considers proper," Fed. R. Civ. P. 41(a)(2), including awarding attorneys' fees and costs to the defendant. "[A]ttorneys' fees and costs may be frequently awarded when dismissal is *without* prejudice," and while they are not typically awarded in conjunction with a Rule 41(a)(2) dismissal *with* prejudice, "exceptional circumstances may sometimes warrant granting such an award." *Carroll v. E One Inc.*, 893 F.3d 139, 146, 149 (3d Cir. 2018) (emphasis in original). Exceptional circumstances include "an abuse of the judicial process or bad faith conduct." *Id.* at 144, 149 (internal quotation marks omitted) (affirming district court's exercise of discretion to award attorneys' fees and costs as a condition for dismissal with prejudice in face of plaintiffs' counsel's failure to conduct a meaningful pre-suit investigation before filing a meritless lawsuit). Bad faith conduct includes "an intentional advancement of a baseless contention that is made for an ulterior purpose, *e.g.*, harassment or delay." *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3d Cir. 1986).

When attorneys' fees and costs are awarded due to the "exceptional circumstances" of an abuse of the judicial process or bad faith conduct, the moving party should be awarded with all the "unnecessary defense costs" that were reasonably incurred under the circumstances but would not have been incurred but for the abuse or bad faith conduct. *See Fast v. GoDaddy.com LLC*, No. CV-20-01448, 2022 WL 901380, at *4 (D. Ariz. Mar. 28,

6

2022) (citing *Carroll* and awarding attorneys' fees for defendants' "extensive investigation and briefing" resulting from "[p]laintiff's violation of her preservation and disclosure obligations").

When a party moves for an award of attorneys' fees and costs, it must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award"; "state the amount sought or provide a fair estimate of it"; and "disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." Fed. R. Civ. P. 54(d)(2).

An award of fees and costs as a sanction need not be against the opposing party itself. Rather, a court's sanction power includes the power to assess such "expenses against counsel who willfully abuse judicial processes." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980), *superseded by statute on other grounds as stated in Lewis v. Smith*, 480 F. App'x 696, 699 (3d Cir. 2012).

"In assessing the reasonableness of a claimed fee," courts typically "use the 'lodestar' formula, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate." *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). "In calculating the hours reasonably expended, a court should 'review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Id.* (quoting *Public Int. Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). "Generally, a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community." *Id.* "[T]he court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates

7

prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). "An attorney's usual billing rate is a good starting point for assessing reasonableness, though it is not dispositive." *Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 374 (3d Cir. 2004).

## ARGUMENT

I. **This Court Should Order Plaintiff's Counsel to Pay Amtrak's Attorneys' Fees and Costs as a Sanction for His Intentional Misconduct.**

"Exceptional circumstances" here warrant an award of attorneys' fees and costs to Amtrak even though this case has been voluntarily dismissed with prejudice. *Carroll*, 893 F.3d 139 at 146. In short, Plaintiff's counsel admittedly fabricated a key exhibit and relied on it to advance an otherwise meritless claim, did not come clean to the Court or Amtrak until exposed by Amtrak through investigation and briefing, and potentially lied to his client in the process. These actions and abuses of the judicial process far exceed those in cases where courts have granted such an award.

The leading case is *Carroll v. E One Inc.* The plaintiffs in that case, firefighters, sued a manufacturer of fire sirens, claiming that the manufacturer's sirens caused them to suffer hearing loss. *Carroll*, 893 F.3d at 140. "A perfunctory investigation conducted by the manufacturer during discovery revealed the firefighters' lawsuit to be clearly time-barred, and also revealed that one firefighter had not even suffered hearing loss attributable to noise exposure." *Id.* Plaintiffs' counsel, who had a "practice of repeatedly suing the same fire siren manufacturer in jurisdictions throughout the country in a virtually identical fashion," "would have learned these facts" if they had "spoken with the individual plaintiffs

8

or conducted any other type of investigation prior to commencing [the] litigation." *Id.* at 143 (quotation marks and citation omitted).

"After discovery revealed these flaws in Plaintiffs' case, [the manufacturer] wrote to Plaintiffs' counsel . . . that [it] would be seeking fees and costs attributable to defending against [the] baseless claims." *Id.* After the plaintiffs attempted to file an improper "notice of dismissal" without prejudice, the defendants "filed a motion seeking fees and costs, and further challenging Plaintiffs' counsel's ability to 'voluntarily' dismiss the firefighters' claims *without* prejudice." *Id.* at 144 (emphasis in original). The district court held that the "notice of dismissal" was improper and scheduled an evidentiary hearing to determine whether dismissal by motion may be warranted under Rule 41(a)(2). *Id.* After the hearing, the district court determined that plaintiffs' counsel had failed to undertake any meaningful pre-suit investigation. *Id.* It dismissed the case with prejudice and awarded attorneys' fees and costs to the defendants. *Id.* at 144–45. The Third Circuit affirmed, holding that "exceptional circumstances" may warrant an award of attorneys' fees and costs in conjunction with a Rule 41(a)(2) dismissal with prejudice, and concluding that the district court did not abuse its discretion in determining that such circumstances existed in that case. *Id.* at 146–53.

Courts have followed *Carroll* in circumstances like this case. For example, one district court applying *Carroll* awarded attorneys' fees and costs as a condition of dismissal with prejudice under Rule 41(a)(2) where the plaintiff's "violation of her preservation and disclosure requirements" during discovery "required [d]efendants to incur wholly unnecessary costs and fees" to investigate and to seek spoliation sanctions. *Fast*, 2022 WL 901380, at *4. There, the court "found that [p]laintiff had knowingly destroyed and

9

withheld relevant evidence." *Id.* at *1. An award of fees and costs was therefore appropriate.

A similar award of fees and costs is even more appropriate here. Plaintiff's counsel did not just fail to investigate basic facts to support Plaintiff's claim or suppress relevant evidence during discovery; he admittedly *fabricated* a key piece of evidence without which Plaintiff's claim becomes frivolous, and he repeatedly used the fabricated evidence to support Plaintiff's claim. It took an evidentiary hearing for Plaintiff's counsel to admit that he created the letter long after 2017 and repeatedly tried to use it as if it were an original 2017 letter. That admission alone shows that he lied to Amtrak, to the Court, and to his own client. But Plaintiff's counsel then compounded those lies by claiming that he had "recreated" a letter originally sent in 2017, when the evidence showed no such letter existed in 2017. None could be found in Amtrak's files or Plaintiff's counsel's files, and Plaintiff and his father both testified that they never saw a letter in 2017. As the Court noted, it is "troubling enough" that Plaintiff's counsel "eventually admitted that he created the letter long after 2017," but the hearing "gives reason to believe that Mr. Goggin repeatedly tried to use the recreated letter as though it were the original, and much worse that there never was an original letter." (ECF No. 32.)

In sum, Plaintiff's counsel engaged in "an intentional advancement of a baseless contention that is made for an ulterior purpose." *Ford*, 790 F.2d at 347. He perpetrated "an abuse of the judicial process [and] bad faith conduct." *Carroll*, 893 F.3d at 144, 149. And that conduct "required [Amtrak] to incur wholly unnecessary . . . fees." *Fast*, 2022 WL

901380, at *4. For those reasons, this case presents "exceptional circumstances" that warrant an award of attorneys' fees and costs to Amtrak under *Carroll*.[2]

## II. Amtrak's Attorneys' Fees and Costs Were Unnecessarily Incurred Due to Plaintiff's Counsel's Intentional Misconduct and Are Reasonable.

Plaintiff's indemnification claim is predicated on the letter fabricated by Plaintiff's counsel. Without the fabricated letter, Plaintiff does not have any evidence that he or his counsel timely made an indemnification request for his criminal proceedings pursuant to Amtraks' Bylaws and Policy of Indemnification; without the fabricated letter, he does not even have a prima facie case. The fabrication of a fake 2017 notice caused Amtrak to expend substantial resources to investigate whether such a request had been made in 2017, and then to litigate a case predicated on that notice. Because these amounts would not have been expended without Plaintiff's counsel's misconduct, Amtrak should be reimbursed with all of its reasonable defense costs incurred in this case. *See Fast*, 2022 WL 901380, at *4 ("In this case, [p]laintiff's violation of her preservation and disclosure obligations required [d]efendants to incur wholly unnecessary costs and fees. Had [p]laintiff complied with her discovery obligations, [d]efendants' extensive investigation and briefing would not have been necessary.").

Amtrak is seeking an award of its defense fees totaling $322,148.20 from Plaintiff's counsel.[3] The lodestar amount, which is used to determine appropriate reimbursement of

---

[2] Based on the evidence and testimony adduced at the December 12, 2023 evidentiary hearing, it appears that Plaintiff's counsel "willfully abuse[d] judicial processes" without Plaintiff's knowledge. The Court should therefore exercise its discretion to order Plaintiff's counsel, rather than Plaintiff, to reimburse Amtrak's attorneys' fees. *See Roadway Exp.*, 447 U.S. at 766.

[3] This amount only includes fees billed by Amtrak's counsel at Jenner & Block LLP. Amtrak does not seek reimbursement for fees billed by its co-counsel from Hohn & Scheüerle, LLC, which represents Amtrak in the FELA matter.

11

fees, is determined by multiplying the reasonable hours expended by a reasonable hourly rate. *Maldonado*, 256 F.3d at 184. Both the hours expended and the rates charged in this case are reasonable, as set forth below and in the Declaration of Lindsay Harrison (attached hereto as Ex. A).

First, Amtrak's attorneys charged reasonable hourly rates. A team of three attorneys at Jenner & Block LLP performed significant work on this matter: Lindsay Harrison, a partner with 20 years of legal experience; Huiyi Chen, an associate with six years of legal experience; and Joshua Armstrong, an associate with two years of legal experience ("the Jenner attorneys"). (*Id.* ¶¶ 1, 3–8.) Each Jenner attorney billed Amtrak in this matter at a rate significantly lower than their usual billing rate. (*Id.* ¶¶ 4, 6, 8.) That is important because "[a]n attorney's usual billing rate is a good starting point for assessing reasonableness." *Potence*, 357 F.3d at 374. Furthermore, the Jenner attorneys' rates are comparable to those charged by attorneys at other large law firms in Philadelphia. (*Id.* ¶ 10.)

Second, Amtrak's attorneys expended a reasonable number of hours on this matter. The Jenner attorneys billed a total of 405.7 hours on this case, which already reflects reasonable billing adjustments and write-offs by Jenner. As set forth in the accompanying billing report, the Jenner attorneys conducted an investigation (with a particular focus on the fabricated letter attached to the complaint), answered the complaint, prepared for and engaged in discovery, prepared the Rule 26(f) report and attended the Rule 16(f) conference, responded to Plaintiff's motion to dismiss without prejudice, prepared for and attended the December 12, 2023 evidentiary hearing, prepared this Motion for attorneys' fees and costs, and held a number of case strategy meetings with co-counsel and Amtrak.

(*See generally* Jenner Time Rept., Ex. 1 to Ex. A, L. Harrison Decl.) Junior members of the Jenner team with lower rates billed an overwhelming majority of the hours, reflecting efficient allocation of work. (*See id.*)

Finally, Amtrak's attorneys billed only for reasonable compensable costs in this matter. Amtrak's motion seeks just $101.40 in court costs, specifically for the transcript of the December 12, 2023 evidentiary hearing. (*See* Jenner Cost Rept., Ex. 2 to Ex. A, L. Harrison Decl.; Tr. Invoice, Ex. 3 to Ex. A, L. Harrison Decl.) That amount reflects a significant adjustment by the Jenner attorneys, who could have billed Amtrak as well for Westlaw research and copying costs, (*see* Jenner Cost Rept., Ex. 2 to Ex. A, L. Harrison Decl.), both of which are compensable in a court-ordered award of costs, *see Tenafly Eruv Ass'n v. Borough of Tenafly*, 195 F. App'x 93, 102 (3d Cir. 2006).

In sum, Amtrak's attorneys expended a reasonable number of hours and charged reasonable hourly rates to litigate this entire case to dismissal with prejudice, which would not have been necessary had Plaintiff's counsel not fabricated the letter and relied on it to advance Plaintiff's claim. And the only other compensable costs are court costs. The Court should therefore order Plaintiff's counsel to reimburse Amtrak in the full lodestar amount of $322,148.20, as well as the full amount of $101.40 in court costs.

## CONCLUSION

For the foregoing reasons, Amtrak respectfully requests that the Court grant Amtrak's Motion and order Plaintiff's counsel to reimburse Amtrak for $322,148.20 in attorneys' fees and $101.40 in costs.

Dated: January 11, 2024                              Respectfully submitted,

**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION**

By:   */s/ Lindsay C. Harrison*
      One of Defendant's Attorneys

**Lindsay C. Harrison (*appearing pro hac vice*)**
Jenner & Block LLP
1099 New York Avenue, NW, Suite 900
Washington, DC  20001-4412
(202)-639-6865
lharrison@jenner.com

**Huiyi Chen (*appearing pro hac vice*)**
Jenner & Block LLP
353 N. Clark Street
Chicago, IL 60654-3456
(312)-840-7389
hchen@jenner.com

**RICHARD K. HOHN, ESQUIRE**
RHOHN@DVERDICT.COM
Identification No.: 32528
**STEPHEN S. DOUGHERTY, ESQUIRE**
SDOUGHERTY@DVERDICT.COM
Identification No.: 312027
HOHN & SCHEÜERLE, LLC
Suite 3242
1700 Market Street
Philadelphia, PA 19103
215-496-9995
215-496-9997 (Fax)

**CERTIFICATE OF SERVICE**

I, Huiyi Chen, hereby certify that on January 11, 2024, I caused to be electronically filed the forgoing **DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S (AMTRAK) MOTION FOR ATTORNEYS' FEES AND COSTS AGAINST PLAINTIFF'S COUNSEL** via the Court's CM/ECF system, which will deliver electronic notice of filing to all counsel of record.

By: */s/ Huiyi Chen*
Huiyi Chen